DIVISION AVENUE REALTY CO. *v.* McGOUGH.

Corporations—Winding Up Affairs—Action—Rent.

Corporation which had been organized to deal in real estate, had owned but one piece of it during its existence and lost that through foreclosure of mortgage, and which had defaulted in payment of privilege fees *held*, entitled to maintain action for unpaid rent, not as a going concern, but incident to winding up its affairs under Act No. 327, §§ 75, 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933.

Appeal from Kent; Verdier (Leonard D.), J. Submitted October 25, 1935. (Docket No. 91, Calendar No. 38,587.) Decided January 6, 1936.

Assumpsit by Division Avenue Realty Company, a Michigan corporation, against Catherine McGough and another, doing business as F. H. McGough & Son, for unpaid rent. Judgment for plaintiff. Defendants appeal. Affirmed.

*Rodgers & Dunn,* for plaintiff.

*McAllister & McAllister,* for defendants.

Edward M. Sharpe, J. Plaintiff is a corporation organized for the purpose of owning and leasing real estate and in 1928, being the owner of one piece of real estate, entered into a five-year lease with the defendant company for the rental of two stores. The specified rentals were paid until June, 1930, when the amounts specified in the lease were changed by oral agreement.

Plaintiff brings suit for rental from November 1, 1932, to August 26, 1933, less the sum of $100 paid

by defendant company during this period. Plaintiff lost the property by failure to redeem from a mortgage foreclosure sale and all of its rights to the property and its right to collect any rent therefrom expired in August, 1933. It also defaulted in the payment of corporation privilege fees in 1932, 1933 and 1934. The cause was tried and the trial court gave a judgment in favor of plaintiff. Defendants appeal.

It is plaintiff's theory that it is winding up its affairs and is proceeding under Act No. 96, Pub. Acts 1933, amendatory of Act No. 327, Pub. Acts 1931.

"SEC. 75. Continuation of corporation for certain purposes. All corporations whose charters shall have expired by limitation or dissolution or shall be annulled by forfeiture or in any other way or manner have become void shall nevertheless continue to be bodies corporate for the further term of three years from such expiration, dissolution or forfeiture for the purpose of prosecuting and defending suits for or against them and of enabling them gradually to settle and close their affairs and to dispose of and convey their property and to divide their assets; but not for the purpose of continuing the business for which such corporations were organized: Provided, that with respect to any action, suit or proceeding begun or commenced by or against the corporation prior to such expiration, dissolution or forfeiture and with respect to any action, suit or proceeding begun or commenced by the corporation within three years after the date of such expiration, dissolution or forfeiture, such corporation shall only for the purpose of such actions, suits or proceedings so begun or commenced be continued a body corporate beyond said three-year period and until any judgments, orders or decrees therein shall be fully executed."

It is the contention of defendants that plaintiff company was not in process of winding up its affairs,

but was carrying on its business exactly as it had been for several years prior thereto and that the three-year period granted to corporations whose charters have expired or have been forfeited does not give the right to sue upon claims arising during the period when the corporation was not complying with the law.

In this cause the trial court held that plaintiff company was not continuing in business, but was in the process of winding up its affairs and in this view we agree. The purpose of this corporation was to deal in real estate. It had lost, through foreclosure, the only piece of real estate it had ever owned; its reason for corporate existence had ceased; all there was left for it to do was the collection of three rental claims, one of which is involved in the case at bar.

Act No. 327, § 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933, relates to a going corporation and provides a penalty to those corporations that violate its provisions such as the failure to pay privilege fees. When this condition exists or when it has failed to file its annual report for two consecutive years, the penalty is that the corporation has its corporate powers suspended without any judicial proceedings. It is then no longer a corporation except for such purposes as are defined in Act No. 327, § 75, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933. See *Motor City Engineering Co.* v. *Fred E. Holmes Co.*, 241 Mich. 446, and *Nedeau* v. *United Petroleum,* 251 Mich. 673.

We think the penalty mentioned in Act No. 327, § 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933, applies only to going corporations. In the case at bar, the reason for existence of plaintiff corporation having ceased, its only remaining function was to wind up its affairs and to deny a corporation the right to bring suit would in many instances

prevent the collection of its assets and thereby do an injustice to its creditors. This in our opinion was not the intention of the legislature.

Judgment affirmed, with costs to plaintiff.

North, C. J., and Fead, Wiest, Butzel, Bushnell, Potter, and Toy, JJ., concurred.