J. H. EASTMAN CO. *v.* BEASLEY.

1. CORPORATIONS—SUSPENSION OF POWERS—ASSIGNMENTS.

   An assignment by a foreign to a domestic corporation would be void where the powers of the foreign corporation to do business in this State were suspended at time the assignment was made if it was made in an attempt to carry on the business of the assignor (Act No. 327, §§ 82, 87, Pub. Acts 1931, as amended by Act No. 96, § 87, Pub. Acts 1933; 2 Comp. Laws 1929, § 10140).

2. SAME—DEFAULT IN MAKING REPORTS AND PAYMENT OF PRIVILEGE FEES—PROPERTY NOT FORFEITED.

   The property of a foreign corporation doing business in this State is not forfeited by reason of its default in making annual reports or paying annual privilege fees (Act No. 327, §§ 82, 87, Pub. Acts 1931, as amended by Act No. 96, § 87, Pub. Acts 1933; 2 Comp. Laws 1929, § 10140).

3. SAME—WITHDRAWAL FROM A STATE—CONTRACTS—VALIDITY—EN-FORCEABILITY.

   The withdrawal of the right to do business in a State does not affect the validity or enforceability of a contract made therein by a foreign corporation, where the contract does not require nor contemplate the further doing of business by the corporation.

4. SAME—ASSIGNMENTS INCIDENT TO WINDING UP DOMESTIC BUSINESS OF FOREIGN CORPORATION.

   Domestic corporation, as assignee of a foreign corporation, not in default at time obligations sued upon were incurred although in default when assignment was made incident to winding up business in this State and not for purposes of continuing in business here, *held*, entitled to maintain suit where domestic corporation itself was not in default (Act No. 327, §§ 82, 87, Pub. Acts 1931, as amended by Act No. 96, § 87, Pub. Acts 1933; 2 Comp. Laws 1929, §§ 10127, 10140).

5. Same—Technical Defenses Not Encouraged.

 The defense that assignor of plaintiff was a corporation in default in filing its annual reports and paying its annual privilege fees is technical and should not be unnecessarily extended to enable one to escape liability.

6. Appeal and Error—Questions Reviewable—Corporations.

 Question as to application of provision of statute barring actions upon any contract entered into during time of default in filing reports and paying fees is not considered where cause of action is found to have arisen prior to default of assignor corporation (Act No. 327, § 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933).

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 13, 1938. (Docket No. 112, Calendar No. 40,027.) Decided June 6, 1938.

Assumpsit by J. H. Eastman Company, a Michigan corporation, against Percy R. Beasley for money loaned and paid at defendant's request by plaintiff's assignor. Judgment for defendant. Plaintiff appeals. Reversed and new trial ordered.

*Dudley E. Whitney,* for plaintiff.

*Arnold F. Zeleznik,* for defendant.

North, J. This action was brought by plaintiff in April, 1937, as assignee of Beasley-Eastman Laboratories, Inc., a Delaware corporation, to recover money loaned to defendant and money paid out for his benefit. The assignee, a Michigan corporation, was formed for the purpose of taking over the assets of the Delaware corporation, which were assigned to it December 31, 1936. From November, 1929, to April 25, 1932, the defendant, president of the assignor corporation, borrowed money from it and also directed it to pay some of his debts; and plaintiff

alleges defendant agreed to repay the corporation on demand. The last annual report of the Delaware corporation on file in this State is for 1931, but reports for 1932 to 1936 inclusive were submitted without payment of the privilege fee. Defendant claims that since the Delaware corporation for the years indicated did not pay its annual privilege fee nor file its annual reports as required by statute (Act No. 327, § 82, Pub. Acts 1931, [Comp. Laws Supp. 1935, § 10135-82, Stat. Ann. § 21.82]), its corporate powers were suspended (Act No. 327, § 87, Pub. Acts 1931, as amended by Act No. 96, § 87, Pub. Acts 1933 [Comp. Laws Supp. 1935, § 10135-87, Stat. Ann. § 21.87]); and since plaintiff's assignor under such circumstances had no right to maintain an action, plaintiff as assignee is barred from doing so.

The controlling question is whether plaintiff, a Michigan corporation, may prosecute this suit. This corporation has not defaulted in filing its annual reports or paying its annual privilege fees. The obligations sought to be enforced were valid when they accrued because the Delaware corporation was not then in default. It did not become in default until its annual report and privilege fee were due on or before August 31, 1932. 2 Comp. Laws 1929, §§ 10127, 10140 (Stat. Ann. § 21.205). See, also, Act No. 327, § 82, Pub. Acts 1931. Before and at the time of the assignment to plaintiff (December 31, 1936), the Delaware corporation was in default. Hence the controlling question is the validity of the assignment to plaintiff. The answer to this question turns upon whether the transaction was in the regular course of carrying on the business of the Delaware corporation, or merely incident to winding up its affairs in Michigan. If the assignment was an attempt to carry on the business of the Delaware

corporation, it would be void because its corporate powers to do business in Michigan were suspended at the time the assignment was made. Act No. 327, § 87, Pub. Acts 1931, as amended by Act No. 96, § 87, Pub. Acts 1933. But the terms of the contract conclusively show the purpose sought to be accomplished by it was to close up the Michigan business of the Delaware corporation and to transfer all of its assets to the plaintiff corporation, which assumed the liabilities of its assignor. We quote the contract in part, which discloses that the Delaware corporation "sold, assigned and transferred" to plaintiff:

"All of the assets of the said vendor, its office furniture and equipment, its accounts receivable, the good will of its business and all of its property both tangible and intangible, and (the assignee) shall also assume all of its indebtedness."

The property of a foreign corporation doing business in this State is not forfeited by reason of its default in making annual reports or paying annual privilege fees.

"Obviously the withdrawal of the right to do business in a State does not affect the validity or enforceability of a contract made therein by a foreign corporation, where the contract does not require nor contemplate the further doing of business therein by the corporation." 14A C. J. p. 1293.

"The language of our statute is not to be construed as prohibitive of transacting *any* business in the State, but only in its true restrictive sense of forbidding the *carrying on* of the business of the corporation in this State." *Electric Railway Securities Co.* v. *Hendricks,* 251 Mich. 602, 605.

See, also, *Division Avenue Realty Co.* v. *McGough,* 274 Mich. 163.

Since the assignment by the Delaware corporation to plaintiff was obviously for the sole purpose of winding up its affairs in Michigan, the contract must be held to be valid. Title to the Delaware corporation's assets was thereby transferred to plaintiff herein. The obligations which plaintiff seeks to enforce in this suit passed by such assignment, and at the time of their inception plaintiff's assignor was legally licensed to do business in Michigan. Plaintiff has at no time been in default in making its annual reports or paying its annual privilege fees. It follows that there is no reason, under such a set of facts, for holding that plaintiff may not maintain this suit.

In arriving at an opposite conclusion and entering judgment for defendant, the circuit judge relied largely upon *Meldman Cartage Co.* v. *Fruehauf Trailer Co.,* 271 Mich. 304. Cases of more or less similar purport are cited in the briefs. Each of these cases is distinguishable on the facts from the case at bar. The instant case differs in that it is one wherein the obligations sought now to be enforced were contracted at a time when plaintiff's assignor was legally authorized to do business in this State; and the act of assignment through which plaintiff asserts title was an act solely incident to winding up its assignor's affairs in this State.

In a case wherein a similar defense was urged, we said:

"The defense urged is technical and should not be unnecessarily extended to enable one to escape liability." *R. C. Mahon Co.* v. *Molin,* 252 Mich. 606, 613.

Because of the conclusion above indicated we deem it unnecessary to pass upon appellant's contention

that its assignor could have maintained this suit against defendant, and therefore plaintiff as assignee may do so. In this connection appellant stresses the italicized portion of the following, quoted from the statute:

"If any corporation neglects or refuses to make and file the reports and/or pay any fees required by this act within the time herein specified, and shall continue in default for ten days thereafter, * * * its corporate powers shall be suspended thereafter, until it shall file such report, and it shall not maintain any action or suit in any court of this State *upon any contract entered into during the time of such default.*" Act No. 96, § 87, Pub. Acts 1933.

For the same subject matter, see 2 Comp. Laws 1929, § 10128; Act No. 327, § 87, Pub. Acts 1931. Appellant argues since it is undisputed that the obligations sought to be enforced in this suit were entered into prior to and not "during the time of such default," the express prohibition against suit by a corporation in default as to reports and fees is not applicable.

The judgment for defendant, rendered by the trial judge sitting without a jury, is reversed and a new trial ordered. Costs to appellant.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.