JOHN J. GAMALSKI HARDWARE, INC., v. WAYNE COUNTY SHERIFF.

1. REPLEVIN—MOTION TO DISMISS—OWNERSHIP—SEIZURE—POSSESSION.
     On motion to dismiss writ of replevin whereunder corporation whose charter was forfeited by operation of law because of failure to file annual reports and pay statutory fees sought to regain possession of property seized by sheriff on a levy under judgment against an individual whose wife owned 298 of the 300 shares of stock of the corporation, it is assumed the plaintiff corporation was the owner of the property described in the writ, that it is entitled to possession of the property, that the seizure was illegal, and defendant's possession unlawful.

2. SAME—NATURE OF ACTION.
     An action of replevin is a personal one *ex delicto* brought to recover goods unlawfully taken or detained.

3. SAME—AFFIDAVITS—WRITS.

The affidavit of replevin is the basis for the issuance of the writ of replevin.

4. CORPORATIONS—OPERATION IN VIOLATION OF CORPORATION ACT —RIGHT TO MAINTAIN ACTION OF REPLEVIN.

Neither a foreign or a domestic corporation by doing business in this State in violation of the provisions of the general corporation act and amendments thereof shall be subjected to a forfeiture of its property by refusal of the courts to entertain an action of replevin brought for the purpose of determining the title and the right of possession of personal property (Act No. 327, Pub. Acts 1931, as amended).

5. SAME—VOID CHARTER—CONTINUANCE OF EXISTENCE—CONSERVATION OF PROPERTY.

A corporation does not cease to exist upon its charter becoming absolutely void as it still continues a body corporate at least for the purpose of holding possession of its property and conserving it until due proceedings are had to cure the default or wind up its affairs in an orderly manner (Act No. 327, Pub. Acts 1931, as amended).

Appeal from Wayne; Murphy (George B.), J. Submitted June 3, 1941. (Docket No. 23, Calendar No. 41,599.) Decided September 2, 1941.

Replevin by John J. Gamalski Hardware, Inc., a Michigan corporation, and Anna J. Gamalski against Andrew Baird, Wayne County Sheriff, to recover personal property. Writ dismissed. Plaintiffs appeal. Reversed and remanded for trial on the merits.

*Philip Wuntner* and *Louis Rosenzweig,* for plaintiffs.

*Joseph W. Solomon* and *Reuben Glazer,* for defendant.

CHANDLER, J. This is an appeal by John J. Gamalski Hardware, Inc., a Michigan corporation,

from an order entered in the Wayne circuit court dismissing the writ of replevin by which this action was commenced.

The opinion of the trial court so concisely states the facts and the contentions of the respective parties that we quote therefrom:

"John J. Gamalski Hardware, Inc., a Michigan corporation, and Anna Gamalski filed a suit against Andrew C. Baird, sheriff of Wayne county, and others, to recover certain personal property which the sheriff had seized upon a levy, based on a *Fi. Fa.* The cause of action, briefly, arose in the following way: In 1937, a judgment was obtained in Hamtramck against John J. Gamalski, personally, and later was removed to the Wayne circuit court, on transcript. Thereafter a *Fi. Fa.* issued, and was turned over to the sheriff, who made a levy upon the merchandise referred to in the suit. The sheriff put the goods in storage, and the plaintiff corporation replevined the goods from the storage company.

"After the commencement of the replevin suit, in which the plaintiffs were John J. Gamalski Hardware, Inc., a Michigan corporation, and Anna Gamalski, the wife of John J. Gamalski, who owned practically all the capital stock of the corporation —298 out of 300 shares—the defendant sheriff filed a motion to dismiss the replevin action on the grounds, *inter alia,* that the plaintiff in replevin, John J. Gamalski Hardware, Inc., a Michigan corporation, had no standing in court, owing to the fact that on or about September 1, 1934, its corporate charter was voided under the statute* in such case made and provided, for its failure to pay the annual franchise fees. The sheriff further moved that Anna Gamalski had no standing in court in view of the fact that she had no title to the prop-

---

* See Act No. 327, §§ 87, 91, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933 (Comp. Laws Supp. 1940, §§ 10135-87, 10135-91, Stat. Ann. §§ 21.87, 21.91).—Reporter.

erty in question, but was asserting her rights because she owned 298 shares out of 300 shares of the plaintiff corporation.

"Counsel for the defendant sheriff contended at the hearing that neither of the plaintiffs in replevin had a standing in court, and the motion to dismiss for that reason should be granted, pointing out that the charter of the plaintiff corporation was voided September 1, 1934, citing cases to support his argument.

"On the other hand, counsel for plaintiff corporation contended that, although the plaintiff corporation didn't pay its annual franchise fees and its charter became void because of that defect under the statute, September 1, 1934, its corporate life was extended by subsequent statutes* to 1939, and that thereafter, the corporation had three years to sue and be sued, and wind up its affairs.

"Counsel for plaintiff further contended that the plaintiff had the right to sue, even though it didn't pay its franchise fees. To show that the merchandise belonged to the corporation, counsel for plaintiff produced in open court, printed checks showing that the corporation is now issuing checks in its corporate name and continues to do business although its charter was voided September 1, 1934.

"Counsel cited several cases, among them, *Division Avenue Realty Co.* v. *McGough*, 274 Mich. 163; *Rex Beach Pictures Co.* v. *Harry I. Garson Productions*, 209 Mich. 692; *Stott* v. *Stott Realty Co.*, 288 Mich. 35, and an earlier case, *Mathews* v. *Life Insurance Company of Detroit*, 284 Mich. 352. No exact case was shown to the court, but it appears to

---

* See Act No. 327, § 91a, Pub. Acts 1931, as added by Act No. 96, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 10135–91a, Stat. Ann. § 21.92); Act No. 10, Pub. Acts 1933 (Ex. Sess.) (Comp. Laws Supp. 1940, §§ 10135–91b, 10135–91c, Stat. Ann. §§ 21.234, 21.235); Act No. 67, Pub. Acts 1935 (Comp. Laws Supp. 1940, §§ 10135–91d, 10135–91e, Stat. Ann. §§ 21.238, 21.239); Act No. 53, Pub. Acts 1937 (Comp. Laws Supp. 1940, §§ 10135–92f to 10135–92h, Stat. Ann. 1940 Cum. Supp. §§ 21.243–21.245); Act No. 1, Pub. Acts 1939 (Comp. Laws Supp. 1940, §§ 10135–92i, 10135–92j, Stat. Ann. 1940 Cum. Supp. §§ 21.246, 21.247).—REPORTER.

me that the purpose of these acts is to compel a corporation, who owes its existence to the State, to pay its franchise fees or cease to do business.

"I do not believe a corporation can blow hot and cold—continue to do business and not pay the tax. The cases are clear, however, that a corporation, even when its charter expires by its own limitation, or when it is voided because of its failure to pay its annual tax, may continue for the purpose of winding up its affairs, and distributing and liquidating its assets, but there is no such claim here. This plaintiff corporation, on the arguments presented, is just simply continuing as a Michigan corporation, in defiance of the law; in substance it has its charter and so continues, although that charter was voided back in September of 1934. That seems to be just against the policy of the law.

"I am not unmindful that because a corporation gets into financial difficulty, it has its right to follow its problem. A corporation may not have any right to do business in Michigan, but that doesn't say that an outsider can come in and take its property or that the corporation is barred from the rights of redress in Michigan courts.

"However, in this particular case, on the setup of the facts, this court is constrained to conclude that this plaintiff corporation not only did not pay its taxes, not only had its charter voided September 1, 1934, but is continuing to do business as if it were in good standing under the corporation laws, and insist that, under that setup of facts, they can come into this court. Now, I think the statute was enacted to penalize just such a corporation. I may be wrong, but that's the way it strikes me, and therefore I am constrained to grant the motion to dismiss."

Under the state of pleadings in this case at the time this motion was made and determined, it must be and is assumed that the plaintiff corporation was the owner of the property described in the writ of

replevin herein and that it is entitled to the possession of said property.   It is also made to appear to the court by the affidavit for the writ of replevin and the writ issued pursuant thereto that the act of the defendants in seizing this property was clearly illegal and that their possession thereof is unlawful.

An action of replevin is a personal one *ex delicto* brought to recover goods unlawfully taken or detained.   The cause of action in the instant case is not based upon any act of the plaintiff corporation, but upon the alleged illegal acts of the defendants as set forth in the affidavit of replevin, which is the basis for the issuance of the writ of replevin.

The sole question involved in this appeal is, Can a corporation whose charter has been forfeited for failure to file annual reports, and after the expiration of the three-year limit for winding up its affairs, maintain an action in a court of this State to recover property belonging to it and unlawfully taken from it?

The answer to this question is found in the case of *Rex Beach Pictures Co.* v. *Harry I. Garson Productions, supra.*   The form of the action there was in replevin.   The plea was the general issue with notice that plaintiff is a foreign corporation not admitted to do business in Michigan.   The circuit court in its instructions to the jury charged that the plaintiff was a foreign corporation carrying on business in the State of Michigan without having authority so to do and could not therefore maintain its action.

This court held that the trial court was not in error in charging the jury that plaintiff was a foreign corporation carrying on business in the State of Michigan without having authority so to do, but that the court erred in directing a verdict in favor

of the defendant upon the ground that plaintiff was a foreign corporation carrying on business in the State of Michigan without having received authority so to do. The late Justice STONE, speaking for the court on this phase of the case, said (pp. 703, 704, 706, 707):

"While, as we have said, the court did not err in holding that plaintiff was a foreign corporation carrying on business in this State without having authority so to do, the question arises, whether for that reason the court was justified in directing a verdict for the defendant? It should be borne in mind that this is an action in tort for the recovery of the possession of property confessedly belonging to the plaintiff, after proper demand had been made therefor. The authorities are uniform in holding that replevin is a personal action *ex delicto*, brought to recover goods unlawfully taken or detained. Unless the statute says so, the noncompliance by a foreign corporation with the terms and conditions upon which the domestic law allows it to enter the State and do business will not preclude it, or anyone claiming through it, from maintaining an action which is purely *ex delicto*. We have no doubt that under the provisions of our statute, above referred to, it was unlawful for the plaintiff to carry on its business in this State; and it was incapable of making a valid contract for such purpose until it had complied with the requirements of the statute. A penalty is provided for the violation of these provisions, and, in our opinion, the contract was void, and against the settled policy of this State.

"In *Cashin* v. *Pliter*, 168 Mich. 386 (Ann. Cas. 1913C, 697), this court quoted with approval from a former opinion, the following language:

" 'It is a well settled principle of law that all contracts which are founded on an act prohibited by a statute under a penalty are void, although not expressly declared to be so.'

"Conceding that the contract was void and the doing of business unlawful, must the property of the plaintiff be forfeited because of the provisions of the statute? In this connection defendant's counsel call attention to section 12370,* 3 Comp. Laws 1915, which reads as follows:

"'But when, by the laws of this State, any act is forbidden to be done by any corporation, or by any association of individuals, without express authority by law, and such act shall have been done by a foreign corporation, it shall not be authorized to maintain any action founded upon such act, or upon any liability or obligation, express or implied, arising out of, or made or entered into, in consideration of such act.'

"We have examined, and invite attention to, our decisions found in the note appended to this section. They are to the effect that no action can be maintained to recover from an agent moneys collected by him under such contracts. Many of them are insurance cases in which it was held that a foreign company could not sue in this State to collect assessments upon policies so made. Such contracts are prohibited, and are at variance with the settled policy of the State. * * *

"That replevin is an action of tort, see *Witty* v. *Campbell,* 44 N. Y. 410. It should be borne in mind that the contract in this State was simply void because prohibited by statute. It was a contract *malum prohibitum.* Under such circumstances, as was said by the court in the *Powder River Cattle Company Case,*† it does not mean that the corporation cannot protect its property, and does not allow others to confiscate the property of the corporation.

"Is it the necessary and inevitable effect of the invalid or unlawful contract (invalid or unlawful because prohibited by the statute) to confiscate and forfeit the property of the plaintiff, and leave it in

---

* 3 Comp. Laws 1929, § 14027 (Stat. Ann. § 27.671).—REPORTER.
† *Powder River Cattle Co.* v. *Custer County Com'rs,* 9 Mont. 145 (22 Pac. 383).—REPORTER.

the hands of the defendant beyond the right of recovery? That does not seem to be just. While our courts will not enforce the prohibited contract, they will take notice of the circumstances, and if justice requires it, restore the plaintiff's property, received by the defendant under such void contract.

"There was, concededly in this case, evidence that the property described in the writ of replevin belonged to the plaintiff and a proper demand therefor had been made, as was held by the trial court. Can it be said that it would be an act of justice that the plaintiff must forfeit this property by reason of the void contract? We think not. The action of replevin, in our opinion, is not repugnant to the terms of section 12370, above quoted. The plaintiff's case, under the circumstances, is made out when it shows that it is the owner of the property and entitled to its possession, and that a proper demand has been made therefor. Plaintiff's right to the possession of the property in question does not depend upon the void contract, but is rather in spite of, or notwithstanding such contract and the doing of business thereunder."

After a review of the case above quoted from, and the many authorities cited therein, as well as more recent decisions of this court, bearing upon the subject under consideration, we arrive at the conclusion that neither a foreign or a domestic corporation by doing business in this State in violation of the provisions of the general corporation act, being Act No. 327, Pub. Acts 1931, and acts amendatory thereof (Comp. Laws Supp. 1940, § 10135-1 et seq., Stat. Ann. § 21.1 et seq.), shall be subjected to a forfeiture of its property by refusal of the courts to entertain an action of this nature brought for the purpose of determining the title, and the right of possession, to the property involved in a replevin action. To hold otherwise would be to say that the

property of a corporation whose corporate franchise has been forfeited may be confiscated by anyone who by force or subterfuge is able to get possession thereof. To refuse redress through the courts under these circumstances is a deprivation of law and justice to the enforcement of property rights.

There is no question in the instant case but that plaintiff's default for failure to comply with the provisions of the general corporation act has rendered its charter void. However, we have held a corporation does not cease to exist upon its charter becoming absolutely void; that it still continues a body corporate and remains a legally existing corporation for certain purposes. One of said purposes being, as we have inferentially held, and now hold, is to hold and have possession of its property and to conserve same, until due proceedings are had, either to cure the default which caused the loss of its charter, or to wind up its affairs in an orderly manner. There are many things it cannot do by reason of the prohibition of the statute; but to hold, protect and repossess its property is not one of the things it cannot do by reason of such prohibitory provisions. It would be doing a great injustice to the right to own and hold property for us to say that the courts of this State are closed to a defaulting corporation to continue the possession of its property and to conserve the same, by repossessing it by replevin from one who has unlawfully obtained and is unlawfully withholding possession thereof from its lawful owner. *Bruun* v. *Cook,* 280 Mich. 484; *Mathews* v. *Life Insurance Co., supra; Blake* v. *American Trust Co.,* 293 Mich. 618; and *Stott* v. *Stott Realty Co., supra.*

Entertaining the views above expressed, we conclude that the order of the trial court granting de-

fendant's motion to dismiss must be, and hereby is, reversed, and the case remanded to the lower court for a trial on its merits.

Appellant will recover costs.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.