THE GRAND RAPIDS BRASS COMPANY (A DISSOLVED MICHIGAN CORPORATION), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2940. Promulgated December 17, 1943.

*Frank E. Seidman, C. P. A.*, for the petitioner.
*R. G. Whitley, Esq.*, for the respondent.

### OPINION.

MELLOTT, *Judge*: The respondent determined a deficiency in income tax, in declared value tax, and in excess profits tax for the taxable years ended July 31, 1941 and 1942. The notice of deficiency was dated June 23, 1943. Petition was filed with this Court September 17, 1943. It was verified as follows:

HERMAN E. FREY, being duly sworn, says that he was an officer of the petitioner corporation at the time of its dissolution, to wit, the Treasurer of Grand Rapids Brass Company (a dissolved Michigan corporation), the petitioner above named, and that he is duly authorized to verify the foregoing petition in behalf of said petitioner; that he has read the foregoing petition, or had the same read to him, and is familiar with the statements contained therein and that the statements contained therein are true.

[Signed]   HERMAN E. FREY

*Treasurer.*

[Subscribed and sworn to before a Notary Public.]

On October 29, 1943, respondent filed a motion to dismiss the proceeding for lack of jurisdiction.

It appears from the pleadings that the petitioner, a corporation organized under the laws of the State of Michigan and having its principal office within that state, was dissolved June 30, 1942. The applicable provision of the statutes of Michigan (sec. 21.75, Mich. Stat. Ann., vol. 15) is shown in the margin.[1]

Respondent contends that under the provisions of the Michigan statute, *supra*, only the directors of a dissolved corporation or their last surviving director can institute a proceeding on behalf of the corporation. He therefore argues that the petition is improper in that it is not filed in the name of the board of directors and does not disclose that Herman E. Frey, who executed the jurat, is the last surviving director.

The Supreme Court of Michigan has held that under the first portion of the statute a corporation does not cease to exist by expiration of its charter but remains, for three years, a legally existing corporation for the purposes therein set out, among which is the purpose of prosecuting and defending suits. *Division Avenue Realty Co.* v. *McGough*, 274 Mich. 163; 264 N. W. 328; *Gamalski Hardware, Inc.* v. *Baird*, 298 Mich. 662; 299 N. W. 757. The suspension of the corporate powers to do business does not abrogate the franchise and, during the three-year period provided by the statute, a Michigan corporation may function within the limits prescribed by the statute as though no dissolution had taken place. *Bruun* v. *Cook*, 280 Mich. 484; 273 N. W. 774. The latter portion of the statute, added by the amendment of 1929 and which contains the language relied upon by

---

[1] 21.75 DISSOLVED OR DEFUNCT CORPORATION, CONTINUATION FOR SPECIAL PURPOSES.

SEC. 75. All corporations whose charters shall have expired by limitation or dissolution of shall be annulled by forfeiture or in any other way or manner have become void shall nevertheless continue to be bodies corporate for the further term of three (3) years from such expiration, dissolution or forfeiture for the purpose of prosecuting and defending suits for or against them and of enabling them gradually to settle and close their affairs and to dispose of and convey their property and to divide their assets; but not for the purpose of continuing the business for which such corporations were organized ·

Provided, That with respect to any action, suit or proceeding begun or commenced by or against the corporation prior to such expiration, dissolution or forfeiture and with respect to any action, suit or proceeding begun or commenced by the corporation within three (3) years after the date of such expiration, dissolution or forfeiture, such corporation shall only for the purpose of such actions, suits or proceedings so begun or commenced be continued a body corporate beyond said three (3) year period and until any judgments, orders or decrees therein shall be fully executed: And provided further, That whenever the number of directors of such a corporation whose charter has so expired or shall have been forfeited or which is otherwise dissolved shall at or before the beginning of or during said term of three (3) years by death, resignation or otherwise, be less than the full number of directors required or authorized by statute or the by-laws of such corporation, then and in that event a majority of the remaining, surviving directors or the sole surviving director, shall from time to time, during said period of three (3) years, have all the powers to act for such corporation under this section which are conferred upon or which exist in the board of directors of such corporation before the expiration of its charter or during said term of three (3) years. (Act 327, Laws 1931, p. 568, as amended by Pub. Acts 1933, No. 96.)

the respondent, does not seem to have been construed by the Supreme Court of Michigan. In our opinion it does not nullify or repeal the old statute or require that an action be prosecuted in the name of the directors. We hold that the petition here was properly filed by the corporation in its own name. Cf. *George Wiedeman Brewing Co.*, 4 B. T. A. 664; *Georgia Stevedoring Co.*, 40 B. T. A. 611.

Respondent also contends that the petition is not properly verified. Rule 6 of this Court's rules of practice provides (h) that the petition shall be verified by the petitioner and that "Where the petitioner is a corporation, the person verifying shall state in his verification that he has authority to act for the corporation." Such statement is contained in the verification made by Frey, who also states that he was an officer of the corporation at the time of its dissolution. If, as we have held, the corporation continued to be a body "corporate for the further term of three (3) years" from its dissolution, in the absence of the election of other officers those in office at the time of dissolution continue to act for it. We therefore conclude that the petition was properly verified.

*Order denying the respondent's motion will be entered.*