BISCEGLIA MOTOR SALES, INC., *v.* STUDEBAKER-PACKARD CORPORATION.

1. ABATEMENT AND REVIVAL — PENDENCY OF ACTION IN FEDERAL COURT.

Plaintiff's action for damages for wrongful termination of automobile dealer sales agreement, first brought in the Federal court which was yet pending at time defendant moved to dismiss similar action brought in State court, required the grant of defendant's motion, since plaintiff had the exclusive right to decide within the limits of time and venue as to just how and in what available court it may best sue defendant and may not sue in more than 1 court at a time, it being immaterial that Federal court had or had not finally adjudicated a second count, where adjudication on first count would be conclusive upon the parties in respect of the matters involved in the second count (15 USC [1958 ed], § 1221 *et seq.*).

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—RECORD.

Determination of question of fact as to status of plaintiff corporation as one winding up its affairs or one which was a going concern in default is not made, where record is not sufficient to permit resolution of such question, determination of the case being exclusively on ground that pendency of action in Federal court for same cause required dismissal of plaintiff's action (15 USC [1958 ed], § 1221 *et seq.*; Court Rule No 18, § 3 [1945]).

Appeal from Kalamazoo; Fox (Raymond W.), J. Submitted April 6, 1962. (Docket No. 34, Calendar No. 49,386.) Decided September 10, 1962.

Case by Bisceglia Motor Sales, Inc., a Michigan corporation, against Studebaker-Packard Corporation and Citizens Motor Sales, Inc., both Michigan corporations, for damages sustained from conspiracy resulting in termination of dealer sales agree-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 1 Am Jur 2d, Abatement, Survival and Revival § 5.

ment.   Motion to dismiss denied.   Defendant Stude-
baker-Packard Corporation appeals.   Reversed and
remanded.

*James Thomas Sloan, Jr.,* for plaintiff.

*Uhl, Bryant, Wheeler & Upham (Gordon B.
Wheeler,* and *Bodman, Longley, Bogle, Armstrong
& Dahling,* with *Henry C. Bogle, Carson C. Grune-
wald,* and *George D. Miller, Jr.,* of counsel), for
defendant Studebaker-Packard Corporation.

BLACK, J.   September 28, 1957, plaintiff com-
menced suit, in the United States district court for
the western district of Michigan, against above de-
fendant Studebaker-Packard.   The complaint alleges
generally that the named defendant is accountable
to the plaintiff, in damages, for wrongful termination
of a dealer sales agreement made between the plain-
tiff dealer and the defendant manufacturer of motor
vehicles.   The first count charges an actionable
violation by defendant Studebaker-Packard of the
so-called automobile dealer's franchise act (15 USC
[1958 ed], § 1221 *et seq*).   The second count charges
Studebaker-Packard, and present defendant Citizens
Motor Sales, with conspiracy to deprive plaintiff of
its rights under the mentioned sales agreement.

On motion of defendant Studebaker-Packard the
district court struck count 2, assigning that a non-
Federal cause could not be joined with a cause based
upon Federal statute.   This (district court) suit is
still pending.   As of the date of present submission
(April 6, 1962) it remained untried.

The instant suit was commenced by the same plain-
tiff June 30, 1959, in the Kalamazoo circuit.   The
cause alleged is identical in substance and purpose
with count 2 above.   The only difference between
count 2 and the present suit is that Citizens Motor
Sales is named as defendant here; whereas in the

district court suit it is named in said count 2 as a coconspirator only.

Defendant Studebaker-Packard moved to dismiss the present suit, assigning pendency of the district court suit and incapacity of plaintiff to sue for want of filing of its annual corporate report due May 15, 1959. The motion was denied. Defendant Studebaker-Packard reviews on application for and grant of leave.

Defendant Studebaker-Packard's motion to dismiss, upon showing of pendency of the district court suit, should have been granted. The carefully briefed question—whether the respectively pending causes are the same or substantially so—is beside the point since all agree that count 2 of plaintiff's complaint in district court presented the same substantial cause as does the plaintiff's instant declaration. True, count 2 has been stricken upon motion. But the district court's order in that regard is interlocutory and subject to possible revision upon subsequent motion or, possibly, upon review of final judgment in the case. Until the count is withdrawn or otherwise disposed of with prejudice (neither fact is shown), it remains to harass the defendants within meaning and prohibitory purpose of our uniform practice. See *Pinel* v. *Campsell*, 190 Mich 347, *Chapple* v. *National Hardwood Co.*, 234 Mich 296 (44 ALR 804), and Court Rule No 18, § 1 (d) (1945). As said in *Chapple* (p 298):

"The courts quite uniformly agree that parties may not be harassed by new suits brought by the same plaintiff involving the same questions as those in pending litigation. If this were not so repeated suits involving useless expenditures of money and energy could be daily launched by a litigious plaintiff involving one and the same matter. Courts will not lend their aid to proceedings of such a character, and the holdings are quite uniform on this subject."

It is deemed not amiss that the following general conclusions be added. Since accrual of its pleaded cause or causes this plaintiff has possessed the exclusive right to decide, within limits of time and venue, just how and in what available court it may best sue the defendants for damages arising out of the pleaded subject matter, that is, breach as alleged of the mentioned dealer sales agreement. Each of the pending actions, even with count 2 eliminated in district court, is predicated upon substantially the same facts as respects plaintiff vis-a-vis Studebaker-Packard and Citizens Motor Sales. On the face of this record, if the district court suit proceeds to trial and final judgment, the result with or without adjudication of count 2 would be conclusive upon the parties in respect of the matters involved in the second. See, to the point, *Cameron* v. *Cameron,* 235 NC 82 (68 SE2d 796, 31 ALR2d 436). I perceive no prejudice to a plaintiff so situated by requiring that he either withdraw his first suit or proceed to exclusive trial thereof.

With respect to defendant Studebaker-Packard's second question, stated above, plaintiff relies upon *Division Avenue Realty Co.* v. *McGough,* 274 Mich 163; *J. H. Eastman Company* v. *Beasley,* 285 Mich 74; and *John J. Gamalski Hardware, Inc.,* v. *Wayne County Sheriff,* 298 Mich 662 (136 ALR 1155), and says that "it is not a going corporation"; that "it has been engaged in winding up its affairs and collecting its assets," and that for such winding up purposes the corporation has access to the courts despite the prohibition of section 87 of the general corporation act (CL 1948, § 450.87 [Stat Ann § 21.87]). Defendant Studebaker-Packard disputes all this, arguing that:

"As long as the charter remains suspended but not terminated, a corporation may, by curing its default, reassume the full exercise of all of its pow-

ers; this is not the case when the charter has expired or terminated. There are simple and expeditious procedures available to a corporation which wishes to wind up its affairs in accordance with the statute and preserve its right to sue in the courts of this State. Failure to comply with these statutory procedures, as in the case of appellee, should carry the consequences intended by the legislature and imposed by this Court in *Meldman Cartage Co.* v. *Fruehauf Trailer Co.,* 271 Mich 304, cited above."

If it were necessary to determine such second question, I would hold that it presents a disputed and as yet unsettled issue of fact. See Court Rule No 18, § 3 (1945). By affidavit identifying significant correspondence, filed by plaintiff in opposition to defendant Studebaker-Packard's said motion, plaintiff insists that its status was and is that of a corporation engaged in winding up affairs and terminating corporate status distinguished from that of a going corporation which is in default. If the former, it continued under the *McGough Case* to have access to the courts. If the latter, it has no present access to the courts since the statutory penalty became fully effective and remains so. Such disputed question of status cannot be resolved, properly, without a more certain record of easily ascertainable fact. For that reason, and referring expressly to Court Rule No 18, § 3 (1945), I refrain from meritorious decision of the stated second question and vote to reverse and remand for entry of order of dismissal on exclusive ground that the pendency of plaintiff's district court suit calls for such dismissal. Appellant should, of course, have costs.

KELLY, KAVANAGH, OTIS M. SMITH, and ADAMS, JJ., concurred with BLACK, J.

SOURIS, J. (*concurring*).    I concur in reversal, but not for the reason stated in Mr. Justice BLACK'S opinion.

In addition to the claim that a prior suit for the same cause was pending in the Federal district court, defendant's motion to dismiss also was based upon a claim that by virtue of the provisions of CL 1948, § 450.87 (Stat Ann § 21.87), plaintiff had lost its legal capacity to sue, having failed to file its 1959 annual report and to pay the privilege fee required by CLS 1956, § 450.82 (Stat Ann 1961 Cum Supp § 21.82).

We have recently reviewed this subject in the case of *Industrial Coordinators, Inc.,* v. *Artco, Inc.,* 366 Mich 313.    In that case defendant failed to object to the plaintiff's capacity, or lack thereof, until after plaintiff had cured its default by filing its annual report and paying the privilege fee.    We there held that under such circumstances the defense belatedly sought to be raised was no longer available.    In this case, however, motion to dismiss was timely made and decided while plaintiff's corporate powers continued to be suspended.    Plaintiff's declaration should have been dismissed, but only for the reason that plaintiff lacked capacity to sue during the period its corporate powers were thus suspended.

Reversed and remanded.    Costs to appellant.

CARR, C. J., and DETHMERS, J., concurred with SOURIS, J.