JAY DEE CONTRACTORS, INC v FATTORE CONSTRUCTION CO

Docket No. 43015. Submitted December 11, 1979, at Lansing.—Decided April 2, 1980.

Jay Dee Contractors, Inc. in 1969 and 1970 loaned to Fattore Construction Company sums totaling $25,255, such loans to be repaid within a reasonable time with interest. During that same time period Fattore Construction Company leased to Jay Dee Contractors, Inc. certain construction equipment. At the time of these transactions, the right of Fattore Construction Company to do business as a corporation in Michigan had been suspended by reason of its failure to pay the annual franchise fee tax. Jay Dee brought an action to recover the sums loaned plus the accrued interest against Fattore Construction Company, Fattore Equipment Co., a corporation which allegedly acquired certain assets of Fattore Construction Company without payment of adequate consideration, and various officers of Fattore Construction Company. Defendants filed a counterclaim seeking the amounts unpaid and due under the equipment leases. Plaintiff moved for summary judgment of dismissal of the counterclaim on the basis that defendant Fattore Construction Company was statutorily barred from enforcing the lease contracts that were entered into during the suspension of its corporate powers. The Oakland Circuit Court, John N. O'Brien, J., granted the motion for summary judgment. Defendant Fattore Construction Company filed an amended counterclaim, plaintiff moved for summary judgment on the amended counterclaim, and summary judgment dismissing the amended counterclaim was entered. Defendant Fattore Construction Company then filed a second amended counterclaim seeking return of the unlawfully detained equipment and seeking damages arising out of that unlawful detention of the equipment. The trial court entered a judgment which ordered that the equipment be returned, but denied defendant Fattore Construction Company's claim for damages arising out of the detention of the equipment. Defendant Fattore Construction Company

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur 2d, Actions §§ 9, 21, 29.
[2] 1 Am Jur 2d, Actions § 60.

appeals from the judgment ordering the return of the equipment but denying the request for damages. *Held:*

1. Defendant Fattore Construction Company's second amended counterclaim, being an action to recover personal property that was unlawfully taken or detained, is an action which sounds in tort rather than contract. Since the statutory disability to bring suit because of the failure to pay the corporate franchise fee is limited to actions on contracts entered into during the period of the suspension of the corporate powers, defendant Fattore Construction Company is not barred from maintaining the unlawful detention action, even though that tort action arose out of the voidable lease contract.

2. Defendant Fattore Construction Company was entitled to not only the return of the equipment but also to such tort damages as it can show to have arisen out of the unlawful detention of its property. Defendant is not, however, entitled to recover any sums due on the lease or any recovery on the quasi-contract theory of *quantum meruit.*

Reversed and remanded.

1. ACTIONS — UNLAWFUL DETENTION OF PERSONAL PROPERTY — NATURE OF ACTION — CORPORATIONS — CONTRACT ACTION DISABILITY — STATUTES.

An action to recover personal property which was unlawfully taken or detained is an action which sounds in tort rather than contract; accordingly, such a cause of action is not barred by the disability language of the former franchise fee statute, since the statutory disability to maintain actions by corporations that failed to pay the franchise fee tax was limited to suits on contracts entered into during the period that the corporate charter was suspended because of the nonpayment of the franchise fee tax (MCL 450.87; MSA 21.87).

2. ACTIONS — UNLAWFUL DETENTION OF PERSONAL PROPERTY — CORPORATIONS — CONTRACT ACTION DISABILITY — DAMAGES — STATUTES.

An action to recover personal property unlawfully taken or retained brought by a corporation that is under the former statutory disability from maintaining a cause of action sounding in contract because of the failure to pay the franchise fee tax includes not only the right to recover property, but also, the right to seek any tort damages that arose as a result of the unlawful detention of the property; however, a corporation so disabled from maintaining an action sounding in contract is not entitled to recover any sums which would have been payable

under a personal property lease on the quasi-contract theory of *quantum meruit* (MCL 450.87; MSA 21.87).

*Keifer, Allen & Cavanagh,* for plaintiff.

*Emil E. Cardamone,* for defendants.

Before: T. M. Burns, P.J., and J. H. Gillis and Bashara, JJ.

T. M. Burns, P.J. Defendant Fattore Construction Company appeals of right a December 15, 1978, judgment on its counterclaim awarding it custody of property that had been unlawfully detained by plaintiff but denying its request for damages that accrued as a result of the unlawful detention.

At the time that this cause of action arose, the defendant corporation was required under the provisions of the corporation fees, taxes and charges act, MCL 450.301 *et seq.;* MSA 21.201 *et seq.,* to file an annual report and to pay a yearly franchise fee tax.[1] Section 87 of the franchise fee tax, MCL 450.87; MSA 21.87,[2] provided that the failure of a corporation to pay this yearly tax or to file an annual report pertaining to its Michigan business activity suspended the corporation's right to do business in Michigan. It further stated that until the corporation paid the delinquent tax it could not maintain "any action or suit in any court of this state upon any contract entered into during the time of such default".

It is undisputed that in 1969 and in 1970, when the defendant corporation leased property to the

---

[1] The corporate franchise fee tax was repealed in a two stage process, with certain provisions of the act being repealed in 1972 and the remainder in 1975. See, 1972 PA 284, § 1098(f) and 1975 PA 230, § 1(1).

[2] This section was repealed in 1972. See 1972 PA 284, § 1098(b).

plaintiff, the corporation did not file its annual report or pay its franchise fee tax. Sometime after the lease had been executed, plaintiff sued the defendant corporation, its officers and another corporation owned by one of the officers for money due on a promissory note. Defendants counterclaimed for amounts allegedly due under the lease. Plaintiff moved for, and was granted, summary judgment on the counterclaim on the ground that § 87 of the franchise fee act prevented a suit on the lease. Plaintiff was also granted summary judgment on defendant construction company's first amended counterclaim.

On December 22, 1976, defendant construction company filed a second amended counterclaim in which it alleged that it was entitled either to a return of the property held by plaintiff under the unenforceable lease or to the fair value of the property. Defendant construction company also sought damages accruing from plaintiff's detention of the property. On December 15, 1978, the lower court held that defendant construction company was entitled to a return of the property but that, by virtue of § 87 of the franchise fee act, it could not recover any damages for plaintiff's unlawful detention of it. We reverse.

Defendant's counterclaim was premised on MCL 600.2920; MSA 27A.2920, which permits recovery of personal property unlawfully taken or detained. See also, GCR 1963, 757. Actions brought under this statute sound in tort and not contract. The failure of the defendant corporation to pay its franchise fee taxes in 1969 and 1970 only precludes it from bringing contract actions, not tort actions. *John J Gamalski Hardware, Inc v Wayne County Sheriff,* 298 Mich 662; 299 NW 757; 136 ALR 1155 (1941). The fact that defendant's tort

cause of action arose out of a void contract makes no difference. *Rex Beach Pictures Co v Harry I Garson Productions,* 209 Mich 692; 177 NW 254 (1920).

We hold, therefore, that defendant is entitled not only to a return of the unlawfully detained property but also to any damages that arose as a direct consequence of the unlawful detention of its property. Of course, defendant is not entitled to any recovery for sums due on the lease or to any recovery on the quasi-contract theory of *quantum meruit.* We are not persuaded by plaintiff's arguments that the judgment of the lower court is not appealable and that this Court does not have jurisdiction over this controversy.

Reversed and remanded for further proceedings consistent with this opinion.