The E. T. BARNUM WIRE AND IRON WORKS v. JOHN J. SPEED, CIRCUIT JUDGE.

*Statutory assignment for benefit of creditors—Effect of, on pending suits—*
*Courts of co-ordinate jurisdiction, jurisdiction of.*

1. The statute regulating voluntary assignments for the benefit of creditors, How. Stat. §§ 2137 to 2140, does not by its terms prevent the further continuance of any proceeding at law pending at time of the assignment, in a competent court, nor is the jurisdiction of such court ousted or impaired, but it has a right to proceed to trial and judgment in said suit the same as if no assignment had been made, and such judgment, unless reversed or set aside in a proper proceeding for that purpose, is final and conclusive.

2. The rule of law is well settled, and cannot be disputed, that the court which first obtains jurisdiction of a cause shall have the exclusive right to decide the matter in issue, and any other court, save an appellate one, which subsequently assumes to act in the matter, must, when this priority of jurisdiction is brought to its attention, proceed no further; neither can one court interfere by injunction to restrain proceedings first commenced and already pending in another court of co-ordinate jurisdiction.

Mandamus. Argued January 8, 1886. Granted January 20, 1886.

Relator applied for a writ of mandamus to compel respondent, one of the circuit judges of Wayne county, to vacate an order made in the chancery court restraining relator from trying an attachment suit, pending in the Superior Court of Detroit, in favor of an alleged creditor of relators, and commenced prior to relators' assignment of its property, for the

benefit of its creditors, under the statute. The facts are sufficiently stated in the opinion.

*Moore & Canfield*, for relator:

One court will not interfere with the proceedings in a suit pending in another court of co-ordinate jurisdiction: 1 High on Injunction §§ 15, 108.

It is an established rule that the court which first obtains jurisdiction of the cause, shall have the exclusive right to decide the matter in issue, and any other court which subsequently assumes to act in the matter must when the fact of this priority of jurisdiction is brought to its attention, proceed no further: *Riggs v. Johnson*, 6 Wall. 166, 204; *Maclean v. Wayne Circuit Judge*, 52 Mich. 257; *Shelby v. Bacon*, 10 Howard, 56; *Taylor v. Carryl*, 20 Howard, 583; *Buck v. Colbath*, 3 Wall. 334.

*Isaac Marston* and *H. M. Duffield*, for respondent:

The judgment in the attachment suit in the Superior Court would not be conclusive proof of claim of attaching creditor, when filed in chancery case, for several reasons.

The danger of collusion, if the judgments of other courts are accepted as conclusive. If conclusive such judgments cannot be confined to any particular court, nor indeed even to the courts of this State, so that an insolvent debtor, before assignment, may permit fraudulent judgments to be recovered for the sole purpose of defrauding his creditors. It is held in New York that the receiver takes the place of the corporation, and of its directors, and that the order appointing him, takes away all corporate rights from that time: *In re the Petition of John Berry*, 26 Barb. 55; High on Receivers § 329; *Thomas v. Whallon*, 31 Barb. 172; *Banks v. Potter*, 21 Howard, 469; Wait's Actions and Defenses, vol. 5, 382.

The statute (Section 8746, How. Stat.) gives the receiver the right to contest any claim filed, and any creditor may require such contest, and this statutory right cannot be destroyed or impaired by the courts. The statute contemplates that upon an assignment being made, and certainly upon the appointment of a receiver, the court making the appointment shall thereafter have exclusive jurisdiction of the settlement of such insolvent estate.

Having submitted to the jurisdiction of the chancery court, by consenting to the decree appointing a receiver, and

fixing his rights, these parties should not be permitted to renew the contest in another court.

MORSE, J.   This is an application for a writ of mandamus to compel the respondent, one of the circuit judges of the Wayne circuit court, to vacate and set aside an order entered by him on the twelfth day of November, 1885.   On the twenty-eighth day of July, 1884, Henry M. Duffield commenced a suit, by attachment, in the Superior Court of Detroit, against the E. T. Barnum Wire & Iron Works, a corporation organized and existing under the laws of this State, and under said proceedings in attachment secured a levy upon all or nearly all the lands, goods and chattels belonging to said corporation.   On or about the twenty-first day of August, 1884, said Duffield filed his declaration in said attachment suit.   On the thirteenth day of October, same year, the defendant (the relator) filed a plea of general issue in said cause.   The suit was noticed for trial, October 18, 1884, by plaintiff.   The said cause has been upon the docket for trial at nearly every term since it was at issue and it was noticed and placed upon the docket for the September term, 1885, of said Superior Court by the plaintiff.   It was also legally noticed and placed upon the docket for trial at the November term, 1885, of said Superior Court by the defendant.   That on the seventh day of November, 1885, the said plaintiff moved for a continuance of said cause, which motion, on the same day, was argued by the counsel for the respective parties, and has not as yet been decided by said Superior Court.

After the attachment suit had been commenced, the corporation became insolvent, and made an assignment for the benefit of creditors.   The First National Bank of Detroit and the Merchants and Manufacturers' Bank of Detroit filed a bill of complaint in the circuit court for the county of Wayne, in chancery, against said insolvent corporation, also making the assignee, Abram L. Stebbins, Henry M. Duffield, and other parties who also held attachment liens prior to Duffield's, parties defendant to said bill.   In this chancery proceeding, by consent of all the parties, an order was entered

appointing said Abram L. Stebbins receiver of said corporation, and recognizing and protecting the liens acquired by said Duffield and others in the attachment suits then pending. Afterwards, and before the entering of the order complained of, the wire and iron works corporation, and the receiver, acting in privity, consented that certain of the attaching creditors might take judgments in their respective suits, and judgments were taken in the said Superior Court, and in the Wayne circuit court respectively; but they did not, for some reason, consent that Duffield might take judgment, but as far as his claim was concerned, continued the contest. And the relator now claims that they have a good and valid defense to said attachment suit of Duffield's and are anxious to try the issue therein joined. After the plaintiff Duffield had moved for a continuance of his cause in the Superior Court, and while the motion was in abeyance, he filed his petition in the Wayne circuit court, in chancery, entitled in the chancery cause under which the receiver was appointed, as aforesaid, setting forth, among other things, that he had filed his proof of claim against the insolvent corporation in said cause on the fifteenth day of October, 1885, setting up identically the same cause of action that was at issue in his suit in the Superior Court; that no notice of any contest of his claim had been served upon him; that the wire and iron works corporation had noticed his suit in the Superior Court for trial, and intended to compel him to try the same at that (November) term of said court; that he had appealed to the Supreme Court on the petition filed by him in the chancery cause to remove the receiver; that the pendency of such appeal might prejudice the receiver in acting upon his claim; and that he (Duffield) ought not to be compelled to litigate his claim at the same time in the Superior Court and in the Wayne circuit, in chancery; and praying for a restraining order, which was granted, as follows:

"In the Circuit Court for the County of Wayne—In Chancery.

"*The First National Bank of Detroit et al. v. The E. T. Barnum Wire & Iron Works et al.*

" At a session of said court held at the court-room, in the

city of Detroit, on the twelfth day of November, 1885, present, J. J. Speed, circuit judge, on reading and filing the petition of Henry M. Duffield, praying, among other things, that the defendant the E. T. Barnum Wire & Iron Works be ordered to desist and refrain from trying, or forcing to trial, the attachment suit of the petitioner against said E. T. Barnum Wire & Iron Works, pending in the Superior Court of Detroit, and on hearing Henry M. Duffield, *in propria persona*, in behalf of said petition, and Frank H. Canfield, solicitor for the corporation, in opposition thereto, and the court having duly considered the same, it is hereby ordered that the said E. T. Barnum Wire & Iron Works, and the said petitioner be, and they are hereby, ordered to desist and refrain, until the further order of this Court, from trying or forcing to trial the attachment suit of said petitioner against said defendant the E. T. Barnum Wire & Iron Works, under writ of attachment, in which suit the sheriff was in possession of certain property of the E. T. Barnum Wire & Iron Works at the time of the appointment of the receiver in this cause.

[Signed]                    "JOHN J. SPEED, *Circuit Judge.*"

The main reason assigned to sustain the validity of this order by the respondent in his answer is this: That, when the judgments taken by consent in the Superior Court and the Wayne circuit were brought into the chancery cause to prove the claims of the respective parties holding the same, the respondent, as circuit judge, decided that such judgments could not be used for such purpose, but such claims must be proved anew, and might be there contested by the receiver or the creditors; and that, therefore, the trial of, or judgment in the Superior Court, in the suit between Duffield and the corporation would be of no benefit to either party, as a judgment would not be final or conclusive, and the whole matter would, notwithstanding such judgment, be open to litigation *de novo* in the Wayne circuit in chancery under the claim filed therein. The same line of argument is followed in this Court by the counsel for respondent. It is insisted that, if Duffield obtained a judgment in the Superior Court, still, in the chancery cause, the whole controversy would be open, and would have to be gone over again; and, *contra*, if Duffield was defeated in the Superior Court, he

might still contest anew his claim filed in the chancery cause without regard to the judgment against him.  We cannot agree in this proposition.  If, after a trial on the merits in the Superior Court, it should be determined that Duffield had no claim against the corporation, such determination, if not reversed or set aside in a proper proceeding for that purpose, would be a conclusive bar to the further prosecution of his claim in the chancery cause.  The rule of law is well settled, and cannot be disputed, that the court which first obtains jurisdiction of the cause shall have exclusive right to decide the matter in issue, and any other court, save an appellate one, which subsequently assumes to act in the matter, must, when this priority of jurisdiction is brought to its attention, proceed no further.  Neither can one court interfere by injunction to restrain the proceedings first commenced and already pending in another court of co-ordinate jurisdiction.  It is not pretended but that the Superior Court had jurisdiction of these attachment proceedings in the beginning, and in our opinion, such jurisdiction has not been lost by the assignment made by the corporation, or by reason of any of the proceedings in the Wayne circuit, in chancery, growing out of such assignment.

The statute regarding voluntary assignments for the benefit of creditors (2 How. Stat. §§ 2137 to 2140), does not, by its terms, prevent the further continuance of any proceedings at law, by a competent court, pending at the time of such assignment.  Neither by the letter or spirit of that statute was the jurisdiction of the Superior Court ousted or impaired in this attachment suit.  That court has a perfect right to proceed to trial and judgment, the same as if no assignment had been made.  The danger of fraud and collusion between the corporation, the assignor, and any creditor, in case judgment was entered in favor of the creditor, is not without remedy, in our opinion ; but it is not necessary to enter into a discussion of that question here, as we are only concerned, for the purposes of this application, with the suit of Duffield. Surely he cannot be heard to complain that there is danger of his obtaining a fraudulent judgment by collusion with the cor-

poration, as against other creditors. The position in which he is placed, that of litigating the same suit in two different courts at the same time, and against which he sought relief by this order, is of his own seeking. There is nothing to hinder his discontinuing his cause in the Superior Court. By such discontinuance he will lose none of his rights, as it is conceded by both parties that, by an order of this Court, entered by stipulation to which he is a party, no dividend is to be made without the receiver retains in his hands a sufficient sum to meet the full amount claimed by him if he succeeds in establishing his claim. And the record in this case shows that the order appointing the receiver in the chancery cause was a consent order, and expressly recognized and protected his attachment lien acquired under his proceeding in the Superior Court. But he is the one who is seeking to continue the same suit in two courts. He wants the suit in the Superior Court to remain in being, but wishes the chancery court to restrain himself and the defendant from trying it. There is no equity in this. The defendant corporation has a right to a speedy settlement of the issue joined in that court, by that court, or else a speedy withdrawal of the suit by the plaintiff.

The Wayne circuit court, in chancery, had no power or authority to enter the order, and there is no element of justice in it. The writ must issue as prayed, with costs to the relator against Henry M. Duffield.

The other Justices concurred.

On a motion for a rehearing of this application the following opinion was filed, February 10, 1886 :

PER CURIAM. An application is made to rehear this motion, on the ground that some doubt exists in the mind of respondent, concerning the proof of claims and their effect. As, under the assignment law, the assignee when applied to by creditors interested, represents all interests for purposes of contest, and is the proper person to contest claims, we

have no doubt the receiver stands in his place, and that a judgment, whether in the original attachment suit, or in any proceeding which is resorted to under the assignment law, would bind all interests, and entitle the plaintiff, if he succeeds, to have the benefit in the fund saved to him under the arrangement in this case, as a judgment against him would also be final. But, as intimated in the opinion filed already, he cannot be compelled to prove his claim twice. We see no occasion for a rehearing, which will be denied.