GEORGE W. BATES v. ROBERT J. KELLEY, CIRCUIT JUDGE OF ALPENA COUNTY

*Res judicata—Writ of prohibition.*

A deed was adjudged to have been forged in a suit by a mother against her son, after which his administrator brought a suit at law against one of her solicitors, charging him with the mutilation of the deed, and seeking to recover damages therefor. And it is held that the circuit court had no jurisdiction to try the case, and a writ of prohibition is granted to stay all further proceedings in the suit.

Relator applied for a writ of prohibition to stay proceedings in an action at law. Submitted June 24, 1890. Granted July 2, 1890. The facts are stated in the opinion.

*George W. Bates,* in *pro. per.* (*Levi T. Griffin,* of counsel), for petitioner.

*James D. Turnbull,* for respondent.

GRANT, J. One Cynthia W. Crawford filed a bill of complaint in the Presque Isle circuit court, in chancery, to set aside a deed purporting to have been executed by her to her son. The sole question was whether the deed was

forged. That suit was brought to a final determination in this Court, and decided in favor of the complainant; the Court holding that the deed was forged. 'James D. Turnbull, administrator of the estate of complainant's son, was a defendant in that suit. *Crawford v. Hoeft*, 58 Mich. 1–25. Some time after the determination of that suit, Turnbull, as administrator, commenced a suit at law in the circuit court for the county of Alpena against relator, charging him with the mutilation of the deed, and seeking to recover damages therefor. The declaration sets forth the proceedings in this Court in the case above referred to, and alleges that this Court was wholly mistaken in the opinion and decree therein rendered, and was imposed upon by the acts of the relator.

If this were true, the only course open to the defendants in that suit is by application to this Court for a rehearing. They did make such application, and it was denied. They now seek to reopen the issue there adjudicated and settled, in a suit at law and in another court. The bare statement of the case is sufficient to condemn the proceeding. The respondent had no right or jurisdiction to try the case. He should have granted the motion for the perpetual stay of proceedings. *Barnum Wire & Iron Works v. Judge*, 59 Mich. 272; *Maclean v. Judge*, 52 Id. 257; *Hudson v. Judge*, 42 Id. 248.

The writ of prohibition will therefore be granted.

MORSE, CAHILL, and LONG, JJ., concurred. CHAMPLIN, C. J., took no part in the decision.