ALLEN *v.* ALLEN.

1. DIVORCE—DISMISSING BILL—EQUITY—DECREES AND ORDERS.
   Leave of the court must ordinarily be obtained to dismiss a proceeding in equity, and in divorce proceedings, particularly, in which the public frequently is concerned, the rule should not be relaxed.

2. SAME—CONSENT—ALIMONY—MOTION.
   From the fact that a motion for temporary alimony was denied it could not be implied that the court consented to the dismissal.

3. SAME—DOMICILE.
   Upon reviewing the testimony, the finding of the trial court that complainant had retained· his domicile in Michigan, during his sojourn in Alaska, is affirmed.

4. SAME—COURTS.
   Where complainant filed a bill for divorce in Genesee county, to which defendant filed her cross-bill, and complainant later went to Alaska, and secured a decree of divorce there, the Genesee circuit court which first obtained jurisdiction retained the same and could enter a valid decree for defendant under her cross-bill.

5. SAME—EXTREME CRUELTY.
   And the complainant's failure to deny his wife's charges of extreme cruelty, although the court gave him an opportunity to take the stand and rebut her testimony, tended to corroborate her claims, though otherwise unsupported.

6. SAME—ALIMONY.
   An award of $3,000 alimony and $400 solicitor's fees, and $3.00 a week for the support of the infant until it should become 14 years of age, out of property worth $5,500 which defendant did not help to accumulate, *held* excessive and reduced to $1,000 permanent alimony, $200 solicitor's fees and $3 per week for the child until it should become 14 years old.

Appeal from Genesee; Wisner, J. Submitted October 16, 1914. (Docket No. 107.) Decided December 21, 1915.

Bill by Henry H. C. Allen against Blanche Allen for divorce. From a decree for defendant, on her cross-bill, complainant appeals. Modified.

*Thomas A. Lawler* (*John F. Berry*, of counsel), for complainant.

*Roy E. Brownell*, for defendant.

BIRD, J. Complainant was a resident of Flint in June, 1905, when he decided to seek his fortune in the Alaskan gold fields. On his way to Nome he stopped in Seattle, and while there married the defendant and took her with him. They lived together in Nome less than a year, when she left him, as she claims, on the ground of cruel treatment. A short time after they separated she gave birth to a child. About two years later he returned to Flint and instituted this proceeding in February, 1907, to obtain a decree of divorce. Service was obtained upon her by publication, and her default for want of appearance was duly entered. Subsequently her default was set aside by stipulation of the parties, and on August 8, 1907, her answer and cross-bill were filed praying for a decree of divorce upon the ground of extreme cruelty. The answer being called to complainant's attention, he claims that he learned for the first time that it would be necessary, in order to maintain his bill, to show that he had been a resident of Michigan for two years previous to the filing of his bill. In consequence of this, and in September, 1907, complainant's counsel filed a dismissal of the cause, but without leave of court. After doing so complainant returned to Nome and made application in the district court for a decree of divorce on the ground of extreme cruelty, which was duly granted in that court in October, 1908. Service was likewise had upon the defendant in that court by publication. After complainant returned to Nome defendant made a motion in this cause for temporary alimony and

solicitor's fees. Complainant's solicitor appeared and announced to the court that a dismissal had been filed, and the reason for so doing, and the application was denied. Some further motions and interlocutory orders were made, to which we think it will be unnecessary to refer. Matters continued to stand in·this way until June, 1913, when the cause was noticed for hearing and placed upon the calendar against the protest of the complainant. The hearing was subsequently had in the October term of court. As a result of the hearing upon the merits the court held that it had jurisdiction of the cause, and it granted the defendant a divorce upon her cross-bill, and granted her permanent alimony in lieu of dower in the sum of $3,000, with an additional $400 for expenses and solicitor's fees, with a further provision that he pay $3 a week for the care and support of the child until he arrives at the age of 14 years. Subsequently a rehearing was asked for by complainant on jurisdictional grounds, but this was refused, and he has appealed to this court. The questions raised by complainant are:

(1) That the circuit court for Genesee county had no jurisdiction to render a decree in the premises, for the reason that the cause had been dismissed in 1907.

(2) That the court was without jurisdiction in the premises, for the reason that the complainant was not a resident of Genesee county for two years preceding the time of making his application for divorce.

(3) That the decree of divorce granted by the district court of Nome was a bar to the proceedings.

(4) That on the merits defendant was not entitled to a decree of divorce.

(5) That the alimony granted was excessive.

1. It is strenuously insisted by the complainant that the court had no jurisdiction in the premises, for the reason that the cause had been dismissed in 1907. It has generally been held in chancery proceedings that a complainant could not dismiss his case without the

aid of the court. 6 Enc. Pleading & Practice, p. 871; 7 Standard Enc. of Practice, 654; 14 Cyc. p. 395; 9 R. C. L. p. 197. And until the entry of judgment of dismissal the court has jurisdiction of the case. 9 R. C. L. p. 207; *Barnes* v. *Barnes,* 95 Cal. 171 (30 Pac. 298, 16 L. R. A. 660). The public may have an interest in divorce proceedings. *Coon* v. *Coon,* 163 Mich. 644 (129 N. W. 12). Therefore in such cases the rule should be strictly followed.

But it is argued that the denial of defendant's application for temporary alimony was a recognition by the trial court of the dismissal theretofore filed. No reason appears of record why the chancellor denied the motion, save what may be inferred from the order of denial. By reason of this we do not think the order of denial should be construed to be an implied consent by the court to the dismissal of the case. Our conclusion is that the steps taken by complainant to dismiss his case were not sufficient to divest the court of jurisdiction.

2. The question whether complainant abandoned his residence in Genesee county while he was in Nome was one which received no little attention upon the hearing. Considerable proof was received bearing thereon. Without setting it out in detail, we shall content ourselves by saying that the record contains evidence which justifies the finding of the chancellor that his stay in Nome was a mere temporary one, and that he retained his residence in Flint during the time, and we are not disposed to disturb that finding.

3. It is urged that the decree of the district court of Nome was a bar to these proceedings. Inasmuch as the trial court of Genesee county first obtained jurisdiction in the premises, under the well-established rule, it would retain jurisdiction to decide the issues. *Hudson* v. *Judge of Superior Court,* 42 Mich. 248 (3 N. W. 850, 913); *Maclean* v. *Circuit Judge,* 52 Mich.

257 (18 N. W. 396) ; *E. T. Barnum Wire, etc., Works*
v. *Circuit Judge,* 59 Mich. 272 (26 N. W. 802, 805) ;
*Bates* v. *Circuit Judge,* 82 Mich. 91 (46 N. W. 29).

4. The chancellor was of the opinion that defendant
was entitled to a decree of divorce on the merits. We
are inclined to agree with him in this conclusion. The
charges of cruel treatment alleged and testified to by
defendant were of a serious nature, and, while there
was not much corroboration of her testimony, they
were not denied by complainant at the hearing. His
failure to take the stand and deny or explain the
charges when given an opportunity to do so by the
court is very persuasive that there was much truth in
them.

5. While we do not feel disposed to disturb the con-
clusions of the chancellor in retaining jurisdiction and
granting to defendant a decree of divorce, we are per-
suaded that the amount of alimony granted was ex-
cessive. The chancellor found the value of certain
real property which had recently descended to com-
plainant from his father to be $5,500, and we think
the record fairly shows that complainant had nothing
aside from this. The parties lived together less than
a year, and the defendant did not help to earn any of
this property. We think, under the circumstances,
that an allowance of $1,000 as permanent alimony,
and an allowance of $200 for solicitor's fees and ex-
penses will be a fair allowance.

The amount of $3 per week allowed for the main-
tenance of the child until he is 14 years of age is prob-
ably about what it should be.

The decree will be modified in these respects and
affirmed. No costs will be granted to either party.

BROOKE, C. J., and KUHN, STONE, OSTRANDER,
MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this de-
cision.