DETROIT UNITED RAILWAY *v.* WAYNE CIRCUIT JUDGE.

COURTS—FEDERAL COURTS—STATE COURTS—JURISDICTION.

Where a suit attacking the validity of an ordinance of the
city of Detroit fixing the maximum rate of fares on cer-
tain street railway lines in said city was pending in the
Federal court, it had exclusive jurisdiction, and the State
court was without jurisdiction to issue an injunction also
involving the validity of said ordinance.

Mandamus by the Detroit United Railway to com-
pel Harry J. Dingeman, circuit judge of Wayne county,
to dissolve an injunction, and for a writ of prohibition
to prevent further consideration of the case. Submit-
ted October 22, 1918. (Calendar No. 28,548.) Writ
granted February 7, 1919.

*Bernard F. Weadock* (*Stevenson, Carpenter, Butzel
& Backus* and *Donnelly, Hally, Lyster & Munro,* of
counsel), for plaintiff.

*Allan H. Frazer* (*Richard I. Lawson,* of counsel),
for defendant.

PER CURIAM. The common council of the city of
Detroit enacted an ordinance on August 9, 1918, fix-
ing the maximum rate of fares which plaintiff could
charge on certain lines in the city of Detroit. This
ordinance took effect on August 13th. Early on that
day the city filed its bill of complaint in the circuit
court of Wayne county and secured an injunction re-
straining the plaintiff from collecting any fares in
excess of those specified in the ordinance. On August
12th, after the ordinance had been passed, but before
the city filed its bill in the State court, plaintiff filed
its bill in the district court of the United States, at-
tacking the validity of the ordinance. Later plaintiff

filed its answer to the bill filed on behalf of the city and moved the court to dissolve the injunction. This motion being denied by defendant, the plaintiff has applied to this court for a writ of mandamus to compel the defendant to dissolve the injunction, and also for a writ of prohibition to prevent further consideration of the case in the State court.

In both of these suits the same issue is presented for determination, namely, the validity of the ordinance. It appears without dispute that plaintiff's suit was begun in the Federal court on August 12th, and that the city did not file its bill in the State court until August 13th. Applying the well established rule of practice that where a court has taken jurisdiction of a matter it will retain it to decide the issues, to the exclusion of another court of co-ordinate jurisdiction, it follows that the State court was without jurisdiction in the premises. *Maclean* v. *Wayne Circuit Judge*, 52 Mich. 259; *E. T. Barnum Wire & Iron Works* v. *Wayne Circuit Judge*, 59 Mich. 272; *Bates* v. *Alpena Circuit Judge*, 82 Mich. 91 (21 Am. St. Rep. 554); *Allen* v. *Allen*, 188 Mich. 532; *Pinel* v. *Campsell*, 190 Mich. 347; *Harkrader* v. *Wadley*, 172 U. S. 148 (19 Sup. Ct. 119).

The writs prayed for will issue.