OWEN *v.* OWEN

OPINION OF THE COURT

1. DIVORCE—COURTS—JURISDICTION.

A Nevada decree of absolute divorce, which was rendered during the pendency of Michigan proceedings and which involved the same parties, subject matter, and proposed relief, was void because the Michigan court, which first obtained jurisdiction, had the exclusive right to decide the matter.

2. DIVORCE—SEPARATE MAINTENANCE—DISCRETION.

Amended judgment for separate maintenance requiring the husband to pay the wife defendant $60 per week and to pay for all reasonable necessary medical requirements of the wife was not an abuse of discretion where the husband had previously been ordered to pay $40 per week, to make payments of $146 per month on the mortgage on the house that the wife was occupying, and to pay premiums for the wife's hospital and medical insurance, the husband had failed to pay anything, and, because of the husband's failure to pay anything, the wife was left homeless when the mortgage was foreclosed.

CONCURRENCE IN PART, DISSENT IN PART BY R. B. BURNS. J.

3. DIVORCE—FOREIGN DIVORCE—FULL FAITH AND CREDIT—DIVISIBLE DIVORCE THEORY.

*A Nevada judgment granting the husband an absolute divorce*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 240 *et seq.*
Domestic recognition of divorce decree obtained in foreign country and attacked for lack of domicil or jurisdiction of parties. 13 ALR3d 1419.
[2] 24 Am Jur 2d, Divorce and Separation § 675 *et seq.*
41 Am Jur 2d, Husband and Wife § 400 *et seq.*
[3] 24 Am Jur 2d, Divorce and Separation § 947 *et seq.*
Domestic recognition of divorce decree obtained in foreign country and attacked for lack of domicil or jurisdiction of parties. 13 ALR3d 1419.

*was entitled to full faith and credit to the extent that it affected the marital status of the parties where a Michigan court, before the Nevada suit had been filed, had granted separate maintenance to the wife; the Nevada judgment was not void in its entirety.*

Appeal from Allegan, Raymond L. Smith, J. Submitted Division 3 October 8, 1970, at Grand Rapids. (Docket No. 8449.) Decided October 1, 1971. Leave to appeal granted, 386 Mich 779.

Complaint by Ben Owen against Angeline Barbara Owen for absolute divorce. Counterclaim by defendant for separate maintenance. Judgment for defendant. Plaintiff moved to amend the judgment and to prohibit enforcement of the judgment in Nevada. Motion denied. Plaintiff appeals. Affirmed.

*Smith, Haughey & Rice* (by *Michael S. Barnes*), for plaintiff.

*Gerald M. Henry,* for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and KELLEY,* JJ.

KELLEY, J. On December 21, 1964, the husband filed in the Allegan circuit court a complaint for absolute divorce, alleging extreme cruelty. On February 4, 1965, the wife filed a counterclaim for separate maintenance, alleging extreme cruelty and specifically praying "That the marriage between the parties hereto not be dissolved and that a judgment of separate maintenance be entered in accordance with Act No. 243 of the Compiled Laws of Michigan

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of 1889, being MSA 25.21 *et seq.*, as amended".[1] Each party filed an answer to the other's complaint.

After a contested trial, the court found that the husband had become infatuated wih another woman, causing the marriage to break up; that this constituted extreme cruelty on the part of the husband; and that the husband's allegations of extreme cruelty were unfounded. On July 26, 1965, a judgment for separate maintenance was filed which recited "that cross-plaintiff is hereby granted separate maintenance from the cross-defendant upon her cross bill of complaint". The judgment required the husband to make specified payments for the wife's support.

On August 11, 1965, the husband filed a claim of appeal to the Michigan Court of Appeals and paid the appeal fee. On October 6 of the next year (1966) that appeal was dismissed.

Apparently some time during August 1965, the husband moved to the State of Nevada where on October 7, 1965, he obtained a decree of absolute divorce. The following day he remarried and has since lived and been employed in Nevada. The wife had not appeared in the Nevada proceeding and denies that there was any personal service of papers upon her as required by the Nevada code of civil procedure.[2]

The Nevada decree recites that the wife "since the marriage of the parties hereto, has treated the plaintiff with extreme cruelty". The decree is silent as to any support or alimony for the wife. The husband never paid any alimony or support for the wife under the Michigan judgment or otherwise.

---

[1] The correct citation is PA 1889, No 243, CL 1948, §§ 552.301, 552.302 (Stat Ann 1957 Rev §§ 25.211, 25.212).

[2] NRCP 4(e). *Moran v. Second Judicial District Court* (1956), 72 Nev 142 (297 P2d 261); *Kelley v. Kelley* (1969), 85 Nev 317 (454 P2d 85).

In May, 1969, the husband filed in the Michigan court a motion seeking to have the Michigan judgment for separate maintenance amended to a judgment for absolute divorce. In October of the same year the husband filed in the Michigan court a "motion for preliminary injunction" seeking to restrain the wife from attempting to enforce in the Nevada court the Michigan judgment for separate maintenance. The court denied both these motions and determined that arrearages in support for the wife totalled $13,229 as of March 1, 1970.

On appeal the husband claims that the Nevada decree is entitled to full faith and credit, and that the amount of support ordered is excessive.

*Is the Nevada decree of absolute divorce entitled to full faith and credit?*

Seeking an absolute divorce on the ground of extreme cruelty, the husband commenced the Michigan proceedings. He pursued his claim through a contested trial to a decision on the merits and an appeal to the Court of Appeals. Throughout this period the circuit court, followed by the Court of Appeals,[3] continuously had jurisdiction over the parties and the subject matter, and no other court could have acquired jurisdiction. It is a familiar, well-established rule that the court which first obtains jurisdiction has the exclusive right to decide the matter in issue. *Allen* v. *Allen* (1915), 188 Mich 532, 535; *Detroit United Ry.* v. *Circuit Judge* (1919), 204 Mich 543; *Mulford* v. *Stender* (1921), 215 Mich 637, 640. Any other rule could lead to unfairness and absurdity. Under the circumstances present here the Nevada decree, which was rendered during the pendency of the Michigan proceedings and which involved the

---

[3] Michigan General Court Rules, GCR 1963, 802.1.

same parties, subject matter and proposed relief, is void.[4] It is not necessary to decide the wife's other contentions that the Nevada court lacked jursdiction.

*Is the amount of alimony or support for the wife excessive?*

The husband claims that the trial court misinterpreted its own order for support and, therefore, the amount is excessive.

The record includes the following: The parties were married in 1943 and lived together until October, 1964. In 1947, there was born to them a child whom they raised and who is now of full age. During the marriage, the wife worked in a factory in order that the husband might continue his education. The wife claimed that her subsequent state of health would not allow her to have full-time employment and that she earned only enough to pay her monthly drug bill. At the time of the judgment the husband earned a salary of $9,600 for the school year, with a potential for earning an additional $1,600 during the summer months. Subsequently he became vice president of a branch of the University of Nevada.

The original judgment required the husband to pay $40 per week, to make payments of $146 per month on the mortgage on the house which the wife was occupying, and to pay premiums for her hospital and medical insurance. Due to the husband's failure to pay anything, the mortgage was foreclosed, leaving the wife without a home. The court amended the judgment and interpreted the amendment to require the husband to pay $60 per week and to pay for all reasonable necessary medical requirements of the wife.

---

[4] See *Albaugh* v. *Albaugh* (1948), 320 Mich 16, and cases there cited.

Although the husband never made any payments, he now claims that after the amendment he "operated under the belief" that he was to pay only $20 per week as support.

In interpreting the order in question and in fixing the amount for the wife's support, the court did not abuse its discretion. *Pinchuk* v. *Pinchuk* (1947), 317 Mich 523.

Affirmed. Costs to appellee.

Holbrook, P. J., concurred.

R. B. Burns, J. (*concurring in part and dissenting in part*).

I concur with my brothers that the Nevada judgment cannot affect the obligation of the plaintiff to support the defendant, but I cannot agree that the Nevada decree is void.

The cases cited by Judge Kelley (*Allen* v. *Allen* [1915], 188 Mich 532, 535; *Detroit United Ry.* v. *Circuit Judge* [1919], 204 Mich 543; *Mulford* v. *Stender* [1921], 215 Mich 637, 640) stand for the proposition as he states it: "It is a familiar, well-established rule that the court which first obtains jurisdiction has the exclusive right to decide the matter in issue". But the facts of those cases are different from the facts of the present case.

In *Allen* v. *Allen, supra,* the plaintiff was a resident of Flint, Michigan. On his way to Alaska during the gold rush he married the defendant in Seattle, Washington. They separated and upon his return to Flint he instituted divorce proceedings and after the defendant filed an answer and a cross-bill he had the case dismissed because he was not sure of his necessary residency requirements. He did not obtain permission from the court to dismiss the bill.

The defendant had the case reinstated and obtained a divorce decree. In the meantime the plaintiff had returned to Nome, Alaska, where he obtained a divorce. The trial judge found, and the Supreme Court agreed, that the plaintiff had not abandoned his residency in Flint, and that the stay in Alaska was temporary.

In *Detroit United Ry.* v. *Circuit Judge, supra,* the headnote is sufficient to state the case. The headnote reads as follows:

"Where a suit attacking the validity of an ordinance of the city of Detroit fixing the maximum rate of fares on certain street railway lines in said city was pending in the Federal court, it had exclusive jurisdiction, and the State court was without jurisdiction to issue an injunction also involving the validity of said ordinance."

In *Mulford* v. *Stender, supra,* a suit was filed in Wayne County Circuit Court. A bill of interpleader was filed asking the court to delay the case as an action had been filed in the Circuit Court for Cook County, Illinois. The Supreme Court held that the Wayne County Circuit Judge, having first acquired jurisdiction of the matter, had the right to dispose of the issue.

In the present case plaintiff moved to Nevada and obtained a divorce after his wife had been granted a judgment for separate maintenance.

Following the *Williams* cases (*Williams* v. *North Carolina* [1942], 317 US 287 [63 S Ct 207, 87 L Ed 279], and *Williams* v. *North Carolina* [1945], 325 US 226 [65 S Ct 1092, 89 L Ed 1577]), the question arose whether a valid *ex parte* divorce entered at the domicile of only one party to the marriage automatically terminated the wife's right to support. This question was settled by the theory of divisible

divorce, foreshadowed in *Esenwein* v. *Pennsylvania* (1945), 325 US 279 (65 S Ct 1118, 89 L Ed 1608) (concurring opinion *per* Douglas, J.) and set forth in *Estin* v. *Estin* (1948), 334 US 541 (68 S Ct 1213, 92 L Ed 1561), where the Court held that an *ex parte* Nevada divorce procured by the husband did not terminate the wife's prior adjudicated right to separate maintenance:

"The result in this situation is to make the divorce divisible—to give effect to the Nevada decree insofar as it affects marital status and to make it ineffective on the issue of alimony. It accommodates the interests of both Nevada and New York in this broken marriage by restricting each state to the matters of her dominant concern." 334 US at 549.

Finally, in *Vanderbilt* v. *Vanderbilt* (1957), 354 US 416 (77 S Ct 1360, 1 L Ed 2d 1456), the Court perfected the divisible divorce theory by its holding that even when the wife's right to support had not been reduced to judgment before the *ex parte* divorce, that divorce could not affect her support rights. The Court rested its holding on the due process clause: since the foreign state had no personal jurisdiction over the absent spouse, its decree "to the extent it purported to affect the wife's right to support, was void and the Full Faith and Credit Clause did not obligate New York to give it recognition". Since the due process clause forbids the divorce court to adjudicate the absent wife's right to support, it follows that she cannot be deprived by that court of whatever rights of support she had under the law of her domicile at the time of that divorce. This line of reasoning was accepted by the Courts of this state in *Malcolm* v. *Malcolm* (1956), 345 Mich 720. In accord are *Farnham* v. *Farnham* (1964), 80 Nev 180 (391 P2d 26) and *Hudson* v.

*Hudson* (1959), 52 Cal 2d 735 (344 P2d 295) among others.

In the instant case the Nevada court did not pronounce, nor did it attempt to pronounce, judgment respecting support of Mrs. Owen.   The State of Michigan, having had personal jurisdiction over both plaintiff and defendant, had provided support in its 1965 judgment of separate maintenance.   Accordingly, I would hold that the Nevada judgment of divorce is entitled to full faith and credit only insofar as it affects the marital status of the parties. Mr. and Mrs. Owen are no longer husband and wife. However, the Nevada judgment in no way would affect the plaintiff's obligation to support his former wife.