DARIN v HAVEN

Docket No. 99639. Submitted May 11, 1988, at Detroit. Decided February 22, 1989.

Anthony J. Darin and Patricia Darin brought an action in Oakland Circuit Court against Haven, a nonprofit provider of counseling services, the State of Michigan, the Oakland County Department of Social Services and others, alleging damages suffered as the result of an investigation conducted into the alleged sexual abuse by Anthony Darin of his daughter. Prior to the filing of the Oakland Circuit Court action, plaintiffs had brought a similar action against the same defendants in federal district court. The federal district court action alleged not only the nine claims based on the state constitution and the common law alleged in the state action but also four federal civil rights claims. The federal district court had granted summary judgment on the federal claims in favor of the defendant and, accordingly, had dismissed the pendent state claims without prejudice. Plaintiffs appealed the district court's order, and that appeal was pending at the time the state court action was filed. Defendants moved in Oakland Circuit Court for summary disposition on the basis that another action involving the same parties and issue was then pending in federal district court. The circuit court, Robert L. Templin, J., granted defendants' motions. Plaintiffs appealed.

The Court of Appeals *held:*

1. An action in federal district court is "another action" within the meaning of that phrase as used in the court rule providing that summary disposition is proper where "[a]nother action has been initiated between the same parties involving the same claim."

2. The appeal of the federal district court's order included an appeal of that portion of the order dismissing the state claims. Therefore, those claims were pending on appeal in the federal circuit court of appeals at the time the state action was filed.

3. Pendency of an action in an appellate court constitutes

REFERENCES

Am Jur 2d, Actions §§ 94-98; Limitation of Actions § 170.

Stay of civil proceedings pending determination of action in federal court in same state. 56 ALR2d 335.

pendency of an action within the meaning of the summary disposition court rule.

4. The pendency of the federal appeal of the order dismissing the state claims without prejudice tolls the running of the Michigan period of limitation.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — PENDING ACTIONS — FEDERAL ACTIONS.

Summary disposition is properly granted where another action has been initiated between the same parties involving the same claim; for the purpose of the summary disposition court rule, the term "another action" includes not only actions in Michigan courts but also actions brought in federal courts (MCR 2.116[C][6]).

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — FEDERAL ACTIONS — APPEAL.

An action continues to be deemed to be pending in a federal court where the order dismissing the action has been appealed; accordingly, an action filed in a Michigan court which involves the same parties and the same claims as a federal court action is properly subject to summary disposition under the same claim provision of the court rules where the order dismissing the prior federal action on the same claim has been appealed and no decision on the appeal has yet been entered (MCR 2.116[C][6]).

3. LIMITATION OF ACTIONS — TOLLING PERIOD.

The period of limitation on a Michigan action on a claim is tolled during the pendency of the appeal of a federal district court order dismissing without prejudice a federal court action which raised that same claim (MCL 600.5856; MSA 27A.5856).

*Joselyn, Rowe, Grinnan, Hayes & Feldman, P.C.* (by *Sydney Rooks*), and *Ronald B. Burda,* for plaintiff.

*Mellon & McCarthy, P.C.* (by *James T. Mellon* and *Lisa A. Robinson*), for Dorothy J. Darin.

*Hardig, Goetz & Merritt* (by *Joseph L. Hardig, III*), for Haven and Patricia Davidson.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, and *A. Michael Leffler* and *Kelly G. Keenan,* Assistant Attorneys General, for the State of Michigan, Oakland County Department of Social Services, Protective Services for Children and Nancy Wasilk.

Before: GRIBBS, P.J., and MAHER and J. L. BANKS,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the circuit court's order granting defendants' motion for summary disposition and dismissal pursuant to MCR 2.116(C)(6).

This action arises from an investigation of plaintiff Anthony Darin conducted by defendant Oakland County Department of Social Services (Oakland County DSS) and the Macomb County Prosecutor following defendant Dorothy Darin's reporting to the Oakland County DSS that her daughter had complained of sexual abuse by plaintiff Anthony Darin (Dorothy's ex-husband and the girl's father). Plaintiff Anthony Darin denied the charges; and, ultimately, the prosecutor's office declined to bring criminal charges.

On January 9, 1986, plaintiffs filed a thirteen-count complaint against the named defendants in the United States District Court for the Eastern District of Michigan. Counts I-IV of plaintiffs' federal complaint alleged federal civil rights violations. The remaining nine counts alleged violations of the Michigan Constitution and various common-law causes of action.

On May 8, 1986, the federal district court issued an order granting summary judgment and dismissal in favor of defendants State of Michigan and Wasilk and ordered plaintiffs' pendent state claims against those defendants dismissed. On Sep-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tember 11, 1986, the federal district court issued an order granting summary judgment in favor of the remaining defendants on the federal claims. That order further provided:

> IT IS FURTHER ORDERED AND ADJUDGED that due to the fact that all Federal claims pending against Defendants, Dorothy J. Darin, Haven and Patricia Davidson, were dismissed, Plaintiffs' pendent state claims are dismissed without prejudice.

Following denial of plaintiffs' motion for reconsideration of the September order, plaintiffs filed a claim of appeal with the Sixth Circuit Court of Appeals on October 20, 1986. In between the entry of the order denying plaintiffs' motion for reconsideration and the filing of their claim of appeal, plaintiffs filed the instant action in Oakland Circuit Court alleging the nine state law claims which had been dismissed without prejudice by the federal court. In February 1987, defendants moved for summary disposition. The state defendants asserted that the circuit court lacked jurisdiction over the State of Michigan, which plaintiffs conceded. The remaining defendants argued that they were entitled to summary disposition pursuant to MCR 2.116(C)(6). The circuit court agreed and on March 20, 1987, entered its order dismissing plaintiffs' claims without prejudice. It is from this order that plaintiffs appealed to this Court.

I

MCR 2.116(C)(6) provides that a motion for summary disposition may be based on the ground that "[a]nother action has been initiated between the same parties involving the same claim." The court rule is a codification of the former plea of abatement by prior action. *Chapple v National Hard-*

*wood Co,* 234 Mich 296, 297; 207 NW 888 (1926); *Ross v Onyx Oil & Gas Corp,* 128 Mich App 660, 666; 341 NW2d 783 (1983). The purpose of the rule was explained by our Supreme Court in *Chapple:*

> The courts quite uniformly agree that parties may not be harassed by new suits brought by the same plaintiff involving the same questions as those in pending litigation. If this were not so repeated suits involving useless expenditures of money and energy could be daily launched by a litigious plaintiff involving one and the same matter. Courts will not lend their aid to proceedings of such a character, and the holdings are quite uniform on this subject. [*Chapple, supra,* p 298.]

The Michigan Supreme Court has in a number of cases found the court rule and its predecessor plea of abatement applicable where the other action first initiated was commenced in federal court. In *Pinel v Campsell,* 190 Mich 347, 351-353; 157 NW 271 (1916), the Court reversed the lower court's overruling of a plea in abatement asserted as a defense to a complaint filed in state court during the pendency of a suit commenced in federal court. In *Detroit United Railway v Wayne Circuit Judge,* 204 Mich 543, 544; 170 NW 641 (1919), where a suit attacking the validity of a Detroit city ordinance was first brought in federal court, the Court held that the Wayne Circuit Court had no jurisdiction to enter an order in an action commenced by the city in circuit court while the federal action was pending. More recently, in *Bisceglia Motor Sales, Inc v Studebaker-Packard Corp,* 367 Mich 472; 116 NW2d 884 (1962), the Court, citing *Pinel, Chapple,* and Court Rule No 18, § 1(d) (1945) (the court rule from which GCR 1963, 116.1 and later MCR 2.116[C][6] were derived), ruled that the defendant was entitled to

entry of an order of dismissal on the ground of the pendency of a prior district court action. While our research discloses some authority suggesting that the court rule only bars a second suit where the first action was brought in a court of this state (see *Hoover Realty v American Institute of Marketing Systems,* 24 Mich App 12, 16-17; 179 NW2d 683 [1970], lv den 384 Mich 754 [1970], *Souvran Bank, NA v Parsons,* 159 Mich App 408, 412-413; 407 NW2d 13 [1987], and *Padgitt v Lapeer Co General Hospital,* 166 Mich App 574, 576-577; 421 NW2d 245 [1988]), the cited Michigan Supreme Court authority compels the conclusion that "another action" under MCR 2.116(C)(6) includes an action commenced in federal court. Upon showing the pendency of a federal district court action initiated between the same parties involving the same claim, defendants were entitled to dismissal under MCR 2.116(C)(6). *Bisceglia, supra,* p 474.

## II

There is no question that the action commenced in the state court involved parties identical to those in the federal court action and claims identical to those alleged in Counts v through xiii of plaintiffs' federal court complaint. The issue disputed by the parties, however, is whether the federal court action was "pending" at the time the state action was commenced. Plaintiffs contend that only the federal district court's dismissal of their *federal* claims was appealed to the Sixth Circuit and, therefore, the pendency of that appeal did not bar the bringing of their state claims in state circuit court. We cannot agree.

Rule 3(c) of the Federal Rules of Appellate Procedure provides that the party taking the appeal "shall designate the judgment, order or part

thereof appealed from" in the notice of appeal. The notice of appeal filed by plaintiffs indicates that plaintiffs appealed to the United States Court of Appeals for the Sixth Circuit from the "Order Denying Plaintiffs' Motion for Reconsideration of the Court's grant of summary judgment to Defendants, entered in this action the 19th day of September, 1986." The notice does *not* indicate that the appeal is limited only to that portion of the district court's order dismissing plaintiffs' federal claims. As the dismissal of plaintiffs' state claims was contained in the same order as the dismissal of their federal claims, and given the fact that plaintiffs appealed from that order (and not only a "part thereof"), we are not persuaded that the appeal did not encompass the dismissal of plaintiffs' state claims as well as the dismissal of plaintiffs' federal claims.

Furthermore, we note that, under the doctrine of pendent appellate jurisdiction, the circuit court of appeals, having taken jurisdiction over one issue in a case, may, in its discretion, consider otherwise nonappealable issues in the case where there is sufficient overlap in the factors relevant to the appealable and nonappealable issues to warrant the court's exercise of plenary authority. *San Filippo v US Trust Co of New York, Inc*, 737 F2d 246, 255 (CA 2, 1984), cert den 470 US 1035; 105 S Ct 1408; 84 L Ed 2d 797 (1985).

Thus, although plaintiffs may not have ultimately chosen to argue as an issue on appeal whether the district court properly dismissed plaintiffs' state claims, we conclude that the scope of the appeal taken by plaintiffs was not limited to the dismissal of the federal claims and, accordingly, the state claims were "pending" at the time plaintiffs filed their complaint in state court.

III

Plaintiffs finally suggest that pendency of an action in an appellate court does not constitute pendency of an action for purposes of MCR 2.116(C)(6). Once again we disagree.

It is a familiar principle that when a court of competent jurisdiction has become possessed of a case, *its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of;* and no court of co-ordinate authority is at liberty to interfere with its action. [*Maclean v Wayne Circuit Judge,* 52 Mich 257, 259; 18 NW 396 (1884). Emphasis added.]

Courts in other jurisdictions have similarly concluded that pendency of an appeal abates a second action between the same parties on the same subject matter in the trial court. *L A Draper & Son, Inc v Wheelabrator-Frye, Inc,* 454 So 2d 506 (Ala, 1984); *Rose v Finley's Ex'r,* 256 Ky 565; 76 SW2d 637 (1934).

IV

Plaintiffs maintain that it was necessary to file their lawsuit in circuit court because, upon dismissal of their state law claims by the federal district court, the applicable Michigan periods of limitation began to run. Under MCL 600.5856; MSA 27A.5856, the period of limitation on a cause of action is tolled during the time a prior suit is pending between the parties if the prior action is not adjudicated on its merits. *Annabel v C J Link Lumber Co,* 115 Mich App 116, 120; 320 NW2d 64 (1982), modified on other grounds 417 Mich 950 (1983). We have already determined that, during the pendency of the appeal to the Sixth Circuit,

plaintiffs' state-law claims were "pending" for purposes of MCR 2.116(C)(6). It is only logical and fair to similarly construe "pending" for purposes of the tolling of the period of limitation to include the appellate litigation. Accordingly, if the federal court affirms the district court's order dismissing without prejudice the state law claims, the applicable periods of limitation on those causes of action were tolled for the duration of the federal litigation.

Affirmed.