**Tahrir S. KALASHO, Plaintiff–Appellant,**

v.

**CITY OF EASTPOINTE, et al., Defendants–Appellees.**

No. 02–1988.

United States Court of Appeals, Sixth Circuit.

June 2, 2003.

Before CLAY and ROGERS, Circuit Judges; and COFFMAN, District Judge.*

## ORDER

Tahrir S. Kalasho appeals a district court judgment that dismissed his civil rights complaint filed under 42 U.S.C. §§ 1983 & 1985 as barred under the applicable statute of limitations. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Kalasho filed an initial civil rights complaint by counsel in the district court in 1996, alleging that the five individual defendant Eastpointe police officers arrested him without probable cause, abused him, and refused to let him call an attorney in 1993. The district court granted summary judgment for the defendant city, but denied summary judgment for the remaining five individual defendants. In 1998, the district court dismissed the complaint without prejudice after counsel withdrew and Kalasho failed to obtain new counsel after the district court ordered him to do so. On appeal, this court affirmed the dismissal without prejudice, *Kalasho v. City of Eastpointe,* No. 98–1830, 2000 WL 245506 (6th Cir. Feb.22, 2000), and the Supreme Court denied certiorari. 531 U.S. 1039, 121 S.Ct. 632, 148 L.Ed.2d 540 (2000).

Thereafter, Kalasho filed a second complaint, in which he asserts claims identical to those asserted in his initial complaint. The defendants filed an answer and asserted the affirmative defense that the complaint is barred under the applicable statute of limitations. Thereafter, defendants

---

* The Honorable Jennifer B. Coffman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

moved the district court to dismiss the complaint or for summary judgment, and plaintiff responded in opposition. The district court again granted summary judgment for the defendant city, and granted summary judgment for three of the individual defendants, but denied summary judgment for two defendants. The remaining defendants then filed a supplemental motion to dismiss the complaint as barred by the statute of limitations, and plaintiff responded in opposition. After defendants filed a reply, the district court granted defendants' supplemental motion and dismissed the complaint. Plaintiff filed a timely notice of appeal. On appeal, plaintiff contends that the instant complaint was timely because the limitations period was tolled while his earlier action was pending. Defendants respond that the district court's judgment was proper.

Upon de novo review, *see Martin v. Lake County Sewer Co.*, 269 F.3d 673, 677 (6th Cir.2001); *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998), we will vacate the district court's judgment. The personal injury statute of limitations in Michigan establishes the statutory period for actions arising under 42 U.S.C. § 1983 in that state, *see Wilson v. Garcia*, 471 U.S. 261, 275, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and the pertinent statute of limitations in Michigan is three years. *See* Mich. Comp. Laws Ann. § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir.1986). State law tolling principles also apply to determine the timeliness of civil rights claims. *See Wilson*, 471 U.S. at 268–69, 105 S.Ct. 1938. Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice. *Yeo v. State Farm Fire & Cas. Ins. Co.*, 242 Mich.App. 483, 618 N.W.2d 916, 916 (2000). Tolling under Michigan law extends to periods in which a dismissal without prejudice is pending on appeal. *Id.* at 916–17; *Darin v. Haven*, 175 Mich.App. 144, 437 N.W.2d 349, 352 (1989).

Here, we conclude that plaintiff's complaint is not barred. The limitations period began to run on November 16, 1993, when the acts alleged occurred. Plaintiff filed his initial complaint on October 9, 1996. After the district court dismissed the complaint without prejudice, the court affirmed the judgment on February 22, 2000, and the Supreme Court denied certiorari on December 4, 2000, and denied reconsideration on March 26, 2001. Plaintiff then filed the instant action on March 30, 2001. Plainly, the instant complaint filed in 2001 is barred absent tolling of the limitations period. However, Michigan law provides that the limitations period is tolled for the time the earlier dismissal without prejudice was pending on appeal. *Id.* Taking this tolling into account, plaintiff's second complaint was filed within Michigan's three-year statute of limitations.

For the foregoing reasons, the judgment is vacated pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, and the case is remanded to the district court for further proceedings consistent with this order.