# STATE OF MICHIGAN

# COURT OF APPEALS

ARNOLD D DUNCHOCK,

      Plaintiff-Appellant,

v

CITY OF CORUNNA,

      Defendant-Appellee.

UNPUBLISHED
November 14, 2017

No. 335721
Shiawassee Circuit Court
LC No. 16-008610-CZ

Before: M. J. KELLY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals by right the orders of the trial court granting defendant's motion for summary disposition and denying plaintiff's motion for reconsideration. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The extensive history of the numerous cases filed by plaintiff (in propria persona) against defendant was recounted by the trial court in an April 5, 2017 order. We will not fully repeat that history here. The trial court found that this action raised issues that were identical to those raised in previously dismissed cases, failed to state a valid cause of action, and failed even to explain, in plain English, the relief that plaintiff was seeking. This case, the fourth such action filed by plaintiff, again concerned certain parcels of property located within defendant's city limits and owned by defendant or his wife. Defendant apparently had issued notices to the owners of the parcels stating that they were unsafe and in need of repair. In what the trial court aptly described as "a series of documents purporting to be a complaint and three supplements to the complaint," but containing "vague, rambling allegations, none of which are 'clear, concise, and direct,' ", plaintiff alleged that defendant had somehow "captured" these properties.

The trial court was unable to determine the substance of plaintiff's complaint, and therefore issued an order directing plaintiff to file a brief detailing his legal and factual positions in conformity with MCR 2.116 and MCR 2.119, or risk having his complaint dismissed under MCR 2.116(C)(8) (failure to state a claim for which relief can be granted) or (C)(10) (no genuine issue of material fact) or stricken as nonconforming under MCR 2.115(B). The order also directed plaintiff to submit with that brief a proposed amended complaint. Plaintiff was given over 30 days to complete these tasks.

-1-

Plaintiff never filed such a brief or proposed amended complaint; instead, one day before the deadline, he filed a document entitled "Response/Objection" accusing the trial court of "going beyond judicial activism to the range of outright advocacy." The document chiefly consists of objections to the trial court's order, none supported by citations to authority apart from bare reference to the Michigan Court Rules. Plaintiff did state in that document that he intended to amend his complaint. As the trial court noted, the Response/Objection was not filed within the time period for filing motions for reconsideration, MCR 2.119(F)(1). Plaintiff submitted an amended complaint the following day. The trial court found that the amended complaint again did not comprehensibly state a cause of action. Rather than dismiss plaintiff's case, however, the trial court gave plaintiff another chance, issuing an order directing plaintiff to show cause why summary disposition was not warranted under MCR 2.116(C)(8). The trial court directed plaintiff to provide oral argument in approximately two months' time regarding why the trial court should not grant summary disposition in favor of defendant under MCR 2.116(C)(8), and "encouraged" plaintiff to supplement his written filings in the meantime.

Shortly thereafter, defendant filed a motion for summary disposition under MCR 2.116(C)(6), arguing in part that another lawsuit had by then already been filed before the trial court. On October 7, 2016, the trial court heard oral argument on defendant's motion and on its own motion for plaintiff to show cause. Plaintiff requested and was permitted to make a statement, specifically stating he did not wish to waive his right of appeal, but he offered no challenge or argument in response to defendant's motion or the trial court's own motion. Following plaintiff's statement, the trial court withdrew its own motion and found, relative to defendant's (C)(6) motion, that the issues in this case were the subject not only of another matter pending before the court in another case, but also of previous suits filed by plaintiff (one of which was then on appeal to this Court). It therefore held that summary disposition under MCR 2.116(C)(6) was appropriate. Plaintiff moved for reconsideration, which the trial court denied.

This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant summary disposition under MCR 2.116(C)(6). *Fast Air, Inc v Knight*, 235 Mich App 541, 543; 599 NW2d 489 (1999).

## III. ANALYSIS

The trial court did not err by granting summary disposition in favor of defendant under MCR 2.116(C)(6). MCR 2.116(C)(6) provides that summary disposition is appropriate where "[a]nother action has been initiated between the parties involving the same claim." The court rule is a codification of the former plea of abatement by prior action. See *Chappie v Nat'l Hardwood Co*, 234 Mich 296, 297; 207 NW 888 (1926).

For purposes of MCR 2.116(C)(6), "a pending appeal is equivalent to a pending action." *Planet Bingo, LLC v VKGS, LLC*, 319 Mich App 308, 323; 900 NW2d 680 (2017), citing *Darren v Haven*, 175 Mich App 144, 151; 437 NW2d 349 (1989) and *Maclean v Wayne Circuit Judge*, 52 Mich 257, 259; 18 NW 393 (1884). Defendant contended in its motion, and the record

reflects, that at the time of the trial court's summary disposition order, a previously-filed action between the same parties involving the same claims was on appeal before this Court.[1] Plaintiff did not challenge the grant of summary disposition on this ground before the trial court or raise any question or legal argument about the similarity of the parties and claims in the previous case to the instant case. Nor does plaintiff raise a cognizable argument against this grant of summary disposition on appeal.

Affirmed. As the prevailing party, defendant may tax costs. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra

---

[1] Plaintiff's appeal in the prior case was ultimately dismissed for want of prosecution on November 10, 2016. See *Dunchock v City of Corunna*, unpublished order of the Court of Appeals, issued November 10, 2016 (Docket No. 332213). Plaintiff offers no explanation regarding why he failed to pursue his appeal in that case, choosing instead to file a new case before the very trial court that he had repeatedly accused of judicial activism and advocacy on behalf of defendant.